JANVIER, Judge.
Plaintiff claims that his residence sustained damage as the result of negligence of employees of the defendant, T. L. James & Co., Inc., who, he alleges, in doing certain public construction work in front of his residence, carelessly and unnecessarily caused jarring and vibration, as a direct result of which certain cracks appeared in the ceilings and walls. He claims $178.50 as the cost of repairing the defects and prays for judgment for that amount solidarity against the said contracting corporation and the National Surety Corporation, surety on the contractor’s liability bond.
Defendants denied that there was any negligence on the part of the employees of ■the contractor and denied that there were any cracks in the ceilings and walls of plaintiff’s residence which were caused by the vibration and jarring during the progress of the work. . *
There was judgment in fávor of plaintiff as prayed for and defendants have appealed.
Had we read the record without the benefit of the finding of the District Judge we might have found it difficult to reach a conclusion in favor of plaintiff. The evidence makes it extremely doubtful that the employees of the contractor did anything unusual in carrying out their work, yet there is evidence to the effect that, at times on the day in question, there were tremendous vibrations sufficient to cause such damage. The evidence comes principally from plaintiff and his wife and also from a contractor who made an estimate for the purpose of repairing the damage which was found in plaintiff’s residence, and there was also the testimony of a neighbor who himself has filed suit against the same defendants for alleged damage to his residence, but who, though he says he was home at the time and noticed such excessive vibrations, that the perfume bottles on his wife’s dresser moved across the dresser, “never gave it any thought.”
*779 Though it is claimed that “the whole neighborhood was talking about it * * ” and that “they are still talking about when the house shook,” no other neighbor was produced as a witness.
It is contended that under the doctrine oí res ipsa loquitur the burden was on the defendants to prove that there was no negligence on the part of the contractor, or that the residence of plaintiff did not sustain damage as a result of such negligence. We do not think that the doctrine has any application here, but we do find that the testimony if true would indicate that the machine which the contractor was using was used in an unusual way and we do find that there is evidence which, if believed, would show that there were severe vibrations and that there were cracks in the walls and ceilings of plaintiff’s residence which were not there prior to the day in question. Since the court below believed this testimony a reversal of the judgment in favor of the plaintiff would not be justified.
Accordingly, the judgment appealed from is affirmed at the cost of appellants.
Affirmed.