CHASEZ, Judge.
Plaintiff, Bertha C. Connolly, seeks to recover damages to her driveway and walkway allegedly caused by activities of the defendant, T. L. James & Company, Inc., in connection with the installation of a sewer line fronting on plaintiff’s property. From a judgment awarding plaintiff $650.00 defendant appeals.
The substance of the complaint is that defendant was negligent in the manner in which it dug the excavation for the sewer line and laid the pipe, which resulted in rain water flowing into the excavation carrying with it quantities of soil, causing the concrete slab driveway, running from the house to plaintiff’s property line, to break away from the house slab, and slide toward the center of the street where the excavation was located.
On appeal defendant contends that the doctrine of res ipsa loquitur is inapplicable to the case, that plaintiff has failed to establish any negligence on the part of the defendant, and that plaintiff failed to establish any causal connection between defendant’s activities and the alleged damage.
We believe defendant’s position with regard to the doctrine of res ipsa loquitur is well taken. Hearsey v. City of New Orleans, La.App., 192 So. 148 (Cert. denied); Ockman v. T. L. James & Co., Inc., La.App., 124 So.2d 778.
The record reveals that in November of 1963 defendant, pursuant to a contract with the East Bank Consolidated Sewerage District of the Parish of Jefferson, undertook to lay a forty-eight inch sewer line in the street in front of plaintiffs property. The center of the sewer line was about twenty-three feet from plaintiff’s property line. The necessary excavation was made by first, digging about three- and one-half feet below the surface of the ground, then driving sheathing, consisting of 2" x 13" oak boards sixteen feet in length, side by side; the sheathing was then braced at the top and the excavation was dug to the maximum depth of twelve and one-half feet; similar bracing was then, placed at the bottom. It will be noted that the sheathing extended well below the depth at which the pipe was actually laid*. Normally the excavating is done in twenty-four foot lengths, each length remaining open only for a few hours and no length remaining open, according to the testimony of defendant’s foreman, more than forty-eight hours. Plaintiff testified that the-excavation in front of her home remained open for more than a week, but in any event we do not regard the length of time as determinative of the case.
It appears that there were heavy rains during this period of time and that, before-the pipe was laid, it was necessary to remove water from the excavation. It seems, however, that this was always necessary in excavations of this depth in this area because of ground water.
The only evidence offered at the trial' was that of the plaintiff and she has not succeeded in establishing negligence on the part of the defendant, nor causal connection-between defendant’s activity and the movement of plaintiff’s driveway.
Defendant fully complied with the specifications of his contract, and it appears that all of the work was performed in the usual manner, and all of the usual precautions were taken to prevent damage. No expert testimony was offered to show subsidence-of the soil or possible causes thereof. The-only testimony having anything to do with this question is that of defendant’s foreman,, called to the stand by plaintiff on cross-examination under the Act, and this testi *855 mony does not support plaintiffs allegations.
We are of the opinion that the conclusions of the trial judge on this record are manifestly erroneous and thus we are required to reverse his judgment.
For the foregoing reasons, the judgment of the Court below is reversed. All costs .to be paid by plaintiff-appellee.
Reversed.