76 So.2d 910

John M. TADIN

v.

NEW ORLEANS PUBLIC SERVICE, Inc.,
Boh Brothers Construction Company

and

The Travelers Insurance Company.

No. 40203.

Dec. 13, 1954.

D. A. McGovern, III, Kenneth V. Ward, New Orleans, for plaintiff-appellant.

May & Carrere, New Orleans, for defendants-appellees.

MOISE, Justice.

Plaintiff appeals from a judgment of the trial court dismissing his suit against the New Orleans Public Service, Inc., Boh Brothers Construction Company and The Travelers Insurance Company, in solido, for $4,750, alleged damages to his home located at 5109 Franklin Avenue. The basis of dismissal was a non-sufficiency of proof of responsibility.

John M. Tadin, plaintiff, who was not engaged in the construction business, independently, through the employed services of various subcontractors, built a brick veneer duplex home at 5109 Franklin Avenue, New Orleans, Louisiana, for himself and his daughter and her husband. The house was completed on July 31, 1948.

On or about October 1, 1948, the widening of Franklin Avenue in the City of New Orleans was commenced. The New Orleans Public Service, Inc., had contracted with the City of New Orleans for the project. The New Orleans Public Service engaged as its contractor Boh Brothers Construction Company, composed of Arthur P. Boh and Henry Boh, to perform the actual work of widening Franklin Avenue. Boh Brothers Construction Company is insured by The Travelers Insurance Company.

On approximately October 1, 1948, Boh Brothers Construction Company employed a device known as a "nigger head" to break the concrete at the intersection of Selma and Franklin Avenue, the corner at which plaintiff's home is located. Plaintiff alleges that as a result of the negligent operation of the machine, the vibration of the 2,200 pound ball or "nigger head" on the concrete which it was breaking caused the four exterior walls of his new home to crack and the interior plaster of three inside rooms to be damaged. Plaintiff further alleges that the repair to the four exterior walls will cost $4,150 and that he has paid $600 to have the three inside rooms repaired, making a total alleged damage of $4,750.

In brief, counsel for the appellant makes the following statement:

"The first question to be resolved is one of liability. The answer to this question requires the proving of two elemental facts: (1) That the operation of, the crane and 'nigger head' caused jarring and vibrations to the plaintiff-appellant's house. (2) That this jarring and vibration caused damage to the plaintiff-appellant's house."

We have carefully reviewed the lengthy testimony in the record, which convinces us beyond a doubt that plaintiff has not proven either of the conditions precedent of the allegations made by him as a condition precedent for recovery. All that has been proven is that plaintiff's house is cracked. Plaintiff was not at home at the time of the operation of the "nigger head". His daughter, Mrs. Lawrence J. Guichard, who resided with plaintiff, testified as follows:

"During the last week of September I had gotten off work in the early afternoon, and I had gotten a ride as far as Dreux Avenue. As I got out the car I noticed this huge piece of machinery which was down right in front of my home, about a block away from where I was, and I started walking toward the house, and about the middle of the block I had felt vibration and as I walked closer to the house the vibration became more pronounced. I went.

into my home and the house was vibrating, and I feared the house would break in two—it was such an awful vibration."

An attempt was made by counsel for the plaintiff to substantiate Mrs. Guichard's testimony by that of her husband and that of a neighbor, Mrs. Vincent Michell. That attempted corroboration failed.

Mrs. Guichard testifies that she reported the vibrations to her father, and he discovered the cracks. Her testimony, with respect to her observation of cracks after the vibrations, is vague and indefinite. Mr. Tadin, the owner, however, did not discover the cracks until some few days after the vibration.

Plaintiff presented the testimony of a number of bricklayers, including that of Emile Broyard, who did the actual brick veneer work on the house herein involved. Their testimony is to the effect that vibration caused the vertical cracking of the exterior walls. However, since their testimony is merely speculative and lacking in corroboration, we cannot say that it adds to the proof necessary for plaintiff's case.

Defendant offered a number of expert witnesses whose theoretical and technical testimony is voluminous. It was the theory of these witnesses that the cracks could have been caused by temperature change, sinkage, extractions of water by stumpage, expansion and contraction, exposure to sun, etc.

The testimony of Mrs. Guichard is contradicted by the testimony of Nobel Kelly, operator of the machine herein involved. He emphatically testified that he operated the machine at the Franklin Avenue and Selma Street intersection on a Saturday morning, which was not in accord with the time fixed by Mrs. Guichard.

All witnesses were certain in their evidence that the "nigger head" was employed at the intersection for a period of *no more than two hours.*

■ This, we believe, is a case of damnum absque injuria. Plaintiff has not proved his case with any degree of reasonable certainty. It is the settled law that in a damage suit the burden of proof is on the plaintiff. Jacob v. Illinois Cent. R. Co., 133 La. 735, 63 So. 306; Scurto v. Le Blanc, 191 La. 136, 184 So. 567. Likewise, damages cannot be awarded on speculation. Spencer v. Luckenbach Gulf S. S. Co., Inc., 197 La. 652, 2 So.2d 53; Jacobs v. A. Solomon, 219 La. 237, 52 So.2d 763.

■ Since plaintiff has not proved that the damage was caused by the operation of the "nigger head", the doctrine of res ipsa loquitur does not apply.

For the reasons assigned, the judgment of the trial court is affirmed. All costs to be paid by plaintiff.