REID, Judge.
Plaintiff, Lucius J. Breeland, brought this action for damages under the provisions of a standard family policy of automobile insurance written by the defendant, New Amsterdam Casualty Company, alleging damages to his automobile while it had been allegedly stolen.
The case was tried on May 16, 1961 before the Judge of the Twenty-First Judicial District Court, who on June 22, 1961, rendered a judgment which was read and signed on June 26, 1961 in favor of the plaintiff and against the defendant in the full sum of $1,566, together with 5% interest from judicial demand until paid. It is from this judgment that this appeal was lodged. The plaintiff answered the appeal and asked that the award be increased by granting penalties and attorney fees.
The facts as disclosed by the record show that on approximately May 28, 1960, the plaintiff purchased from the National Surety Company for the sum of $450 a 1960 black two-door Sedan Volkswagon as salvage. The vehicle had formerly been owned by a Harvey Pierce, Jr., who had been involved in an accident with said vehicle resulting in the vehicle being declared a total loss by the National Surety Company and as stated above, sold by National Surety Company to the plaintiff as salvage. The record further shows that on or about June 15, 1960, the plaintiff insured the above mentioned vehicle with the New Amsterdam Casualty Company under a standard family policy, which said policy described the vehicle as a new vehicle.
The plaintiff alleges that on or about July 6, 1960, while he was stopped in front of Kelly’s Restaurant in Hammond, Louisiana, his vehicle was stolen. He further alleges that when the vehicle was recovered some two months later at a service station in Kenner, Louisiana, it had been wrecked, stripped and constituted a total loss. On September 19, 1960, the plaintiff submitted a proof of loss to defendant in which he set forth the value of the vehicle as $1500, said proof of loss showing that $1500 cash had been paid for the vehicle.
The defense of the defendant is based on the proposition that the car was not stolen, nor was it damaged in any manner whatsoever while allegedly stolen or while defendant’s policy of insurance was in effect. The defendant also asserts that the plaintiff failed to prove with certainty what damages, if any, he suffered.
Plaintiff alleged in his petition that after he had purchased the vehicle he had repaired it himself and that it was in as good condition as before it was first wrecked. Plaintiff further alleged and testified at the trial that when the vehicle was recovered in Kenner, Louisiana after it had been stolen, that it was a complete and total loss and that he was forced to sell the vehicle for the sum of $110.
This case comes up to this Court on a question of fact. This Court is well aware that in questions of fact the opinion of the Trial Judge is given great weight and his decision should not be reversed unless the record shows manifest error and has, therefore, examined the record and the evidence in this case with great care.
In order for the plaintiff to recover in this case it was necessary for him to show by preponderance of the evidence that the vehicle was stolen, that it was damaged while stolen, the extent of damages, and he must prove with legal certainty the amount of the damages suffered. It is the opinion of this Court that this the plaintiff has failed to do, especially with regard to whether or not the vehicle was damaged when stolen, the extent of the damages and the amount of damages suffered.
Although the plaintiff testified that immediately upon discovering that the vehicle was stolen, he reported the theft to the *516 police department in Hammond, a report of the theft was there made and that in fact a call was made by the department to the State Police in plaintiff’s presence, on the trial of the case the plaintiff produced no evidence whatever to corroborate his testimony to this effect, which he could easily have done. In addition to this fact, although the plaintiff alleged that the vehicle was wrecked and abandoned after it was stolen and although he had a bill for $15.00 from a garage and service station for wrecker service, no attempt was made on the part of the plaintiff to produce the owner of the service station and garage to testify as to the circumstances surrounding the recovery of the vehicle, especially as to where and under what conditions it had been found.
Although the plaintiff apparently failed to disclose to the insurance company either at the time he took out an insurance policy or at the time he made a proof of loss or at the time he gave his statement to the adjuster for the insurance company, that he had purchased this vehicle as salvage, this fact was produced at the trial of the case. In fact in the proof of loss and in his statement to the adjuster the plaintiff indicated that he had purchased said vehicle for $1500 cash. At the time of the trial, however, the plaintiff stated that he meant to say that he had about $1500 invested in the car, namely $450 for the cash payment and the balance for parts and repairs. However, under cross examination (TR 13, 30) it was brought out that all he could remember purchasing were two fenders, some glass and a wheel. He was, however, unable to produce any invoices showing these purchases, nor did he testify as to the price paid. Neither did he produce invoices substantiating his allegation that he purchased paint for the car. In fact, his testimony is quite vague as to where he purchased the parts. The plaintiff testified that he had performed all of the labor himself but failed to introduce any evidence whatever as to the monetary value of his services or the number of hours worked. He failed to offer any evidence as to the actual value of the vehicle at the time it was allegedly stolen other than his uncorroborated statement to the effect that it was worth $1500.
The defendant produced at the trial of the case two sets of pictures. One set was marked Doyle 1 through 5, which were pictures taken by the adjuster for the National Surety Company at the time the automobile was wrecked while owned by Harvey Pierce, and the other set was marked Pelle I through 14, the first 9 being pictures taken of the automobile at the service station in Kenner, Louisiana, and the last 5 being enlargements of the five pictures introduced as Doyle 1 through 5. An examination of these pictures clearly shows a remarkable resemblance between the damages to the automobile which supposedly occurred in the two accidents. An examination of Pelle 1 with Pelle 10 (an enlargement of Doyle 1) showing- a view of the right side of the vehicle taken from the rear, shows that the scratches on the right rear fender are identical. The damage to the right rear panel is so similar in the two pictures that it is almost inconceivable that such damage could have occurred in two separate accidents. The angle in which the door was sprung and the damage to the right side of the roof appears to be identical. An examination of Pelle 2 and Pelle II (an enlargement of Doyle 2) which is a picture of the left or driver’s side of the vehicle taken from the front, shows identical damage to the panel. An examination of Pelle 5 and Pelle 14 (an enlargement of Doyle 4) showing the front and side of the car again show the same damage. In both sets of pictures the right rear hub cap is the only hub cap missing. An examination of Pelle 8 and Pelle 13 (an enlargement of Doyle 3) showing the left side taken from the rear also shows a remarkable similarity between the damages. Testimony of the plaintiff with regard to the similarity of the damage in the first wreck and the alleged wreck during the time the vehicle was al *517 legedly stolen is very weak and in the opinion of the Court he failed to rebut the evidence as shown by the pictures.
On the trial of this case one Thomas J. Doyle who had at the time the vehicle was first wrecked been employed by the National Surety Corporation as an adjuster and was in charge of the adjustment at the time the vehicle was first wrecked, testified that he had inspected the vehicle at the time of the first wreck, that he had taken the pictures introduced as Doyle 1 through 5, that he had examined all of the exterior parts of the vehicle at the time the automobile was recovered after its alleged theft, and said (TR SO):
“A. As close as I can determine it was the same type of damage with the exception that the normal amount of corrosion or rust or what have you, had went its course on the eating away of the metal. The outward appearance was the same as what I had seen in May, with the exception that the front seat — the front right seat was removed and on the concave portion of the roof there had been damaged, it looked like some very crude work by someone who had taken a hammer and beat up on it, making a poor try to straighten it but it wasn’t straightened.
“Q. Other than those differences that you told us about, were there any other differences in the damages in the two times you saw the car ?
“A. No, no more than the normal amount of corrosion and rust.”
He further testified that he had obtained two estimates at the time of the first wreck, one from the North Side Body Shop of Bogalusa, Louisiana, and one from Magic City Motors in Bogalusa, both of which were introduced in evidence. When compared with the estimate obtained by the plaintiff from Menish’s Garage after the vehicle had been located at Kenner, a remarkable similarity of damage is shown. The damage set forth in the two sets of estimates is almost identical item by item and it is unreasonable to presume that two separate wrecks, even if the vehicle had turned over in both, would produce such identical damage.
The Louisiana jurisprudence is well settled that a plaintiff must prove his case with a degree of reasonable certainty and it is also well settled that in a damage suit the burden of proof is on the plaintiff. It is likewise well settled that damages cannot be awarded on speculation. See Tadin v. New Orleans Public Service, Inc., Boh Brothers Construction Company and The Travelers Insurance Company, 226 La. 629, 76 So.2d 910, and the cases therein cited.
It is also well established that claims for damages or expenses incidental to repair of automobiles which are of a speculative nature and not supported by sufficient evidence, are properly disallowed. Messina v. Bomicino, La.App., 27 So.2d 397; Marsh v. Singletary, 7 La.App. 436.
In view of the facts of this case, it is the opinion of the Court that the plaintiff failed to prove that the vehicle was damaged at the time it was allegedly stolen and failed to prove with any degree of certainty the extent of any' damage he may have suffered. The Court’s opinion is further strengthened by the failure of the plaintiff to offer any corroborating evidence as to the theft and his failure to disclose to the defendant the true nature of his purchase of the vehicle, namely that it was purchased as salvage for the sum of $450. The judgment of the lower Court is therefore reversed, and judgment rendered in favor of defendant and against plaintiff rejecting plaintiff’s demand and dismissing this suit at his costs.
Reversed and rendered.