CULPEPPER, Judge.
This is a suit for crop and land damages filed by Yvonne B. Russell, Mrs. Russell Bacon, Leon Todd Russell and Lloyd W. Russell, as natural tutor of the minor, Leon 'Todd Russell, against the Texas Gas Transmission 'Corporation. Prior to trial on this matter the claims of all of the above plaintiffs, with the exception of the minor, Leon Todd Russell, were abandoned. The trial ■court rendered judgment in favor of plaintiff in the sum of $610.50, from which plaintiff has appealed seeking an increase in the .award. Defendant, by answer to this appeal, likewise claims that it is aggrieved by the judgment of the lower court in that it is excessive.
In the fall of 1959, Texas Gas Transmission Corporation, having previously obtained a right of way agreement from plaintiff, constructed a pipeline across plaintiff’s property. As a result of the laying of this pipeline, the natural drainage of plaintiff’s land was altered thereby causing water to accumulate on plaintiff’s land. It is urged by plaintiff that this accumulation of water has caused him to suffer crop damage during the years 1959 and 1960. Additionally he seeks to recover the cost of leveling the right of way portion and an additional 25 acres of land in order that the natural drainage of the land might be restored.
Pertinent to the liability of the delendant for the damages sued upon herein, the “Right of way Agreement” provides in part that “the Grantee, by the acceptance hereof, agrees to bury all pipelines so that they will not interfere with the cultivation of the land and also to pay for any damage to crops, fences, timber and other improvements, which may arise from laying, constructing, maintaining, operating, altering, repairing, removing, changing the size of, and replacing such pipelines. * * * ”
Neither party to this suit disputes the interpretation of the above quoted portion of the agreement. Thus the sole issue presented for our determination concerns the amount of damages which plaintiff is entitled to recover.
The trial court, in awarding damages in the amount of $610.50, found that plaintiff had suffered the loss of his potato crop in the sum of $437.50 and his cotton crop in the amount of $173.00. Both of these items were computed as losses sustained for the year 1959.
We find no manifest error in this determination. In reaching this conclusion, we are mindful that plaintiff must establish by a preponderance of the evidence the loss which he has sustained. Tadin v. New Or *654 leans Public Service, 226 La. 629, 76 So.2d 910; Jacob v. Illinois Central Railroad Co., 133 La. 735, 63 So. 306. Bearing this principle in mind, we note that the positive testimony introduced at the trial of this case amply supports a finding that plaintiff’s potato crop, for the year 1959, would have amounted to some 250 crates. The record further supports a finding that the price of potatoes during this period was $1.75 per crate. Accordingly, the loss sustained by plaintiff, insofar as his potato crop is concerned amounted to $437.50.
■Concerning plaintiff’s cotton crop loss for the year 1959, the record discloses that for that year plaintiff would have received approximately one bale of cotton (500 pounds). The price of cotton during that period was 33 cents per pound. Additionally, it was established that plaintiff lost the sum of $8 for cotton seed.
In denying plaintiff’s claim for crop losses for the year 1960, the trial judge found that plaintiff’s claim -for future damages was not supported by the evidence. We have reviewed the record in this regard and agree with this finding. It would serve no purpose to review, in this opinion, the evidence introduced on this item. It suffices to say that plaintiff has not proven by a preponderance of the evidence, which the law requires, what losses, if any, he sustained during this period.
The last item of damage for which plaintiff seeks reimbursement is the cost of leveling the 25-acre field through which the pipeline runs. Plaintiff contends that because of the laying of the pipeline a ridge exists blocking drainage of the crop rows, and that it will be necessary to level approximately 25 acres, at a cost of about $12 per acre.
The evidence does not support this contention. Jessie Thomas, the tenant who actually plowed this land in 1960, testified that there was no ridge over the pipeline and it did not interfere with drainage of the rows. He stated that the only way he could tell where the pipeline was located was by the red clay on top of the ground. Defendant’s expert witness, Mr. Black, inspected the field and testified to the same effect. The record shows that this land was not level before the pipeline was constructed. All of the witnesses said it contained dips and moünds. It was not rice land, it was land used for cotton and potatoes. We find no error in the trial court’s denial of any sum for leveling the land.
For the reasons assigned herein, the judgment of the lower court is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.