HENRY F. TURNER, Judge pro tem.
Plaintiff is the owner of a residence situated at the corner of North Robertson and France Streets in the City of New Orleans, which he claims sustained damages as a result of the operations of Boh Brothers Construction Company, Inc., in removing concrete brick and asphalt from North Robertson Street in order to repave same under a contract with "the Department of Highways of the State of Louisiana. He alleged three items of damages as follows:
“1. To correct breaks and cracks around doors and window frames, walls and ceilings $1,350.00
“2. To correct break in driveway 41.75
“3. To repair damage to garden 31.25
“TOTAL DAMAGES $1,423.00”
For a cause of action, he alleged that the work was done in an unworkmanlike manner with improper equipment and in a negligent manner.
The Travelers Insurance Company is the public liability insurer of Boh Brothers Construction Company, Inc. After hearing the evidence in the case, the District Court awarded judgment for plaintiff as prayed for. From that judgment defendants have appealed.
The plaintiff was the principal witness on his own behalf and testified that the vibration from a hydro-hammer used in breaking out the concrete from an old bus stop caused vibration of such a severe nature that it caused his walls to crack, some of the pillars of his house to crack and the paint to crack and slough off. Plaintiff is a bookkeeper who maintains his office in his home at this address. One of his witnesses was a client who gave an estimate of the cost of repairs to the home *232 following the completion of the job by Boh Brothers. Two other witnesses were employees of plaintiff. We have carefully examined the testimony of plaintiff’s witnesses, and weighing it against the testimony of the witnesses for the defendant, we are forced to the conclusion that plaintiff has not borne the burden of proof required to maintain a judgment as to the vibration causing the damages complained of. Nowhere in the testimony do we find anyone directly connecting the defects pointed out by Mr. Doster, who made the estimate for plaintiff, to have been caused by the vibration from the defendant’s equipment. The testimony of the defendant’s witnesses to the effect that the vibration from the hydro-hammer is very slight and that they have used these same hammers all over New Orleans in residential and business districts adjacent to plate glass windows without any complaint as to damage caused by vibration.
Plaintiff’s principal complaint was that in loading the dump trucks with the broken pieces of concrete that the operator of the lifting machine would lift huge blocks of concrete, 8x8 and 10 x 10 with a thickness of 6 to 8 inches, five or six feet into the air and then drop them to the ground in order to break them into smaller pieces. He claimed that this procedure caused the greatest amount of vibration and resulting damages.
The expert engineer testifying for the defendant was positive in his opinion that the Gradall used to load the broken concrete on dump trucks could not possibly pick up a piece weighing 3600 pounds. He further testified that to drop a piece this size a distance of four or five feet would not cause enough vibration to be noticeable. He also testified that if the operator attempted to lift blocks of concrete of the size claimed by plaintiff that the sheer weight of the concrete would topple the machine and operator over — that he could not get it off tlie ground.
One of the officers of the defendant corporation,. Boh Brothers, testified that he knew of no claim for damages other than Mr. Brown’s. However, in this respect Mr. Errol Louis Schulze, testifying for plaintiff, stated that he had a claim pending because of vibration damage to his home against the same corporation. We have read the case of Beck v. Boh Brothers Const. Co., La.App., 72 So.2d 765, in which the facts were almost exactly the same as those found herein, and the evidence was practically the same. If anything, the Beck decision presented a stronger case for plaintiff therein than the one we are now considering. In that case, this Court held that the evidence was not sufficient to justify judgment for plaintiff. Likewise in the case of Tadin v. New Orleans Public Service, 226 La. 629, 76 So.2d 910, a Supreme Court case, we find practically the same set of facts as we find in the case under consideration, and in that case the Supreme Court held that the evidence was insufficient to justify judgment as the plaintiff had not borne the burden of proving his case with any degree of reasonable certainty. We, therefore, conclude that the judgment of the District Court was erroneous in awarding judgment to plaintiff caused by vibration.
Plaintiff, however, has two other items of damages which we shall discuss. The first is to correct a break in the driveway. He claims that when the defendant left the job that it left a crack or opening between the end of his driveway and the pavement constituting the street of about one-half to one and one-half inches in width and that it was necessary for him to have that filled in at a cost of $41.75. There is nothing showing that this was his responsibility or that the defendant herein was required to do anything other than what was done in the case under their contract with the Department of Highways. From a study of the record, we conclude that the work done was not even on the property of the plaintiff but was abutting his driveway. We, therefore, think the judgment of the *233 District Court in awarding that item was in error.
The third item of damage claimed by plaintiff is damage to his garden in the amount of $31.25. He testified that the defendant piled sand on the sidewalk which spilled over into his garden, which garden in his own words was, “which is not much of a garden and maybe twenty or thirty feet in length” and that it was necessary for him to pay a man $31.25 to correct the damage caused by the sand left there by Boh Brothers. This testimony is uncon-tradicted and undisputed, and we, therefore, feel plaintiff was damaged in that amount and should have judgment to that extent. Accordingly, the judgment of the District Court is amended by reducing the amount thereof to $31.25 and as amended is affirmed, costs to be paid by the appellant.
Amended and affirmed.