CHASEZ, Judge.
Plaintiff, Eves Legendre, instituted this suit against defendants, Boh Brothers Construction Company, Inc., their insurer, the Travelers Insurance Company, and the City of Westwego, to recover damages allegedly caused to his home by defendant’s con *516 struction work. Plaintiff’s wife, Mrs. Rosemary Taulli Legendre, died after the trial of this case and her mother, Lena Romano Taullie, as a forced heir, has been substituted as an additional party plaintiff by motion before this court.
The suit was tried on the merits in the Twenty-Fourth Judicial District Court for the Parish of Jefferson and, after due deliberation, judgment was rendered in favor of the plaintiff and against the defendant. Prom this adverse judgment defendant has appealed suspensively.
The events giving rise to this action occurred while the Boh Brothers Construction Co., pursuant to a contract with the City of Westwego, was installing a sewerage and drainage system in certain areas of Westwego. Incident to this operation the defendant construction company was engaged in activity along Avenue E, which street borders the side of plaintiff’s property containing his family home; the exact location being on the corner of Sth Street and Avenue E in the City of West-wego.
Primarily the construction activity consisted of driving wood timbers into the ground to support the trench walls. Thereafter, a backhoe tractor [1] would excavate a trench down to the required grade, which in turn would be followed by a crew em-placing the necessary pipe.
Plaintiff contends that while this operation was going on directly across the street, an estimated 40 to 50 feet away from the side of his home, the crew working there encountered a large subsurface root that he believed emanated from a huge oak tree in his back yard that has since fallen during Hurricane Betsy. He alleges that on August 31, 1964, at 7:15 A.M., he was working in his kitchen when his house began to vibrate with such a force that it caused him to run from the house and complain to the crew that they were shaking his house apart and that they were causing cracks to appear in his ceiling and walls. He asserts that the defendant’s construction crew had halted operation of the backhoe, leaving it to the side and another vehicle was being used, describing it as a “drag line”, or “caterpillar” or metal tracked machine with a boom at one end and a “bucket” attached at the other end by means of a cable. That in using this vehicle the “bucket” was hooked onto the root with the operator then pulling, jerking, and shaking the root in an effort to dislodge it and pull it from the ground. This procedure, however, failed and the crew was later forced to cut the root with power saws and then extract it from the trench. He asserts that the shaking and jerking motions being utilized were producing the vibrations complained of and that the cracks in the plaster ceilings and walls appeared during this vibration.
The plaintiff testified that on running out of the house he jumped on the machine and requested the operator to shut down. He then told the foreman of the crew to stop. He stated that the superintendent was sent for and upon his arrival he entered plaintiff’s home and inspected the inside thereof. He then requested the superintendent (a man named Walsh or Walden) to cut the root with saws. The superintendent, however, attempted a few more times to extract the root by use of the dragline but ultimately had to cut it from the trench.
Plaintiffs testimony regarding the violent shaking of the house is corroborated by his wife. She also testified that a man inspected her home the day the vibration occurred. Both she and her husband testified that the machine in use at the time the vibrations occurred was yellow with a number 10 printed on its side. (Boh Brothers Construction Company denies the existence of such a machine in their inven *517 tory, although no records were produced to substantiate this denial).
Defendant, to rebut plaintiffs testimony, produced Robert Wahden, an employee of Boh Brother’s Construction Co. and the superintendent for them during the construction of the Westwego sewerage line. He testified that he had never seen the plaintiff or his home and had never inspected any home in this area for damage as it is against company policy to personally inspect homes when a damage claim is made. He also denied the existence or use of any machine with iron track or treads, insisting that only the backhoe was utilized because of load limitations on the city streets.
John Bergens, the operator of the backhoe being used at the site, also denied ever being asked to stop work. He additionally stated that he could not recall finding any large roots in this area but did note large trees on the other side of the street. He testified, however, that the roots of the trees on the corner of Fifth Street and Avenue E were already cut when he came through.
Roosevelt Haynes, an employee of Boh Brother’s Construction Company and the immediate foreman for the crew working near plaintiff’s house proffered testimony which we feel properly belongs in this opinion.
[1] “Q. I’m going to repeat the question, Mr. Haynes. The backhoe that you are speaking of, was that a machine with rubber tires or with treads ?
“A. They had — with iron tires. I mean, not iron tires, but you know what I mean, treads.
“Q. With iron tracks?
“A. Tracks.
“Q. Do you know who was operating that piece of equipment?
“A. No, I don’t.”
Additionally, Haynes testified that he remembered a man coming to him while he was working in the vicinity of plaintiff’s home who requested to see the supervisor; however, he did not remember anyone asking him to stop work.
This case involves essentially questions of fact. It also involves the credibility of the witnesses. The conclusions of a trial judge regarding the credibility of witnesses and findings of fact receive great weight when juridical review is given by the appellate court and as such the trial court’s determinations and findings in these matters will not be disturbed unless manifest error is clearly present. Dupree v. Wyatt, 255 So.2d 425 (La.App., 4th Cir., 1971); Crane Supply Company v. Drake & Planche, Inc., 255 So.2d 188 (La.App., 4th Cir., 1971). A trial judge views, hears and weighs the evidence in the first instance while an appellate court receives and reviews this same evidence in what is really a secondary position, and accordingly, the principle of manifest error is an important precept in our juridical system that should never be taken lightly.
The lower court judge in the present case, after hearing all the testimony and viewing all the evidence, decided in favor of the plaintiff. Our review of the record discloses no finding of manifest error and, therefore, we affirm the trial judge’s findings of fact.
The law requires that plaintiff bear the burden of proof in establishing causation of the damage complained of; and the fact that damage is discovered during construction activities is insufficient to carry the burden of proof necessary, especially where it is possible that other factors may have caused the damage. Adam v. Boh Brothers Construction Co., 207 So.2d 195 (La.App., 4th Cir., 1968); Tadin v. New Orleans Public Service, 226 La. 629, 76 So.2d 910 (1954); Beck v. Boh Bros. Const. Co., 72 So.2d 765 (La.App., Orleans, 1954).
*518 In Beck v. Boh Bros. Const. Co., supra, the plaintiff contended that vibrations had caused his house to crack and that these vibrations were caused by the banging of iron against a scoop. However, both the lower and appellate courts concluded that the vibrations caused were very slight and there was no causal connection whatever with the vibrations and the damage existing in the plaintiff’s house.
The court’s opinion in Hearsey v. City of New Orleans, 192 So. 148 (La.App., Orleans, 1939) contains language indicating the evidence of experts or persons skilled in the building of houses or other work is an essential element in maintaining the burden of proof necessary to show causation.
We do not agree that this is necessarily an indispensable element of a plaintiff’s case. The system of law maintained in the State of Louisiana does not bind our courts to past decisions and stare decisis is not an inflexible rule. We are therefore convinced that where a plaintiff is physically present (with such presence being corroborated) and his home vibrates and shakes to such an extent that cracks and damage immediately appear, and the vibration is readily recognizable as emanating from the negligent use of construction machinery, then the plaintiff establishes a prima facie case. This is not to say that experts are not necessary to establish causation, but rather indicates that each case rests on its own facts and the particular circumstances surrounding those facts.
It is quite evident from the record that plaintiff and defendant are totally divergent and opposite in their evidence relating to this case, however, the lower court accepted plaintiffs’ testimony as truthful. We find no manifest error in this determination. We therefore find that the use of the machine as described by the plaintiff constituted negligence by the defendant, especially when the normal procedure, as evidenced by defendant’s own witnesses, is to cut the root rather than try to shake it from the ground when strong resistance is met.
In regard to the question of damages, we are of the opinion that the estimates, as received into evidence, do not meet the reasonable certainty requirements necessary to establish damages.
The estimates (2 in number) were not itemized nor do they show or explain what damage the repair work was estimated on. In addition, the men making the estimates did not appear to this court to have the necessary qualifications with regard to experience in plaster wall and ceiling repair work or cement block foundation repair to produce a competent estimate necessary to establish damage compensation.
We are therefore impelled to remand this case to the trial court to establish what damage was caused, as well as the cost of repairs. The plaintiff has proven that he was damaged, but remand of this case is necessary to establish to what extent he was damaged.
For the above and foregoing reasons, the judgment of the lower court in favor of the plaintiff and against the defendants is amended to include Lena Romano Taullie as additional party plaintiff and, as amended, is affirmed in part and remanded in part with directions, in accordance with the foregoing opinion.
Amended in part, affirmed in part, and remanded in part.

. A backhoe tractor is a rubber tired vehicle which utilizes a digging apparatus attached to its rear and a trash remover or scoop that is located on the front of the tractor.