BOUTALL, Judge.
This is a suit for personal injuries and damages resulting from a backing truck striking the open door of a parked automobile while the passengers were attempting to exit. Judgment was awarded only for the injuries to one passenger, refusing the claims of the driver and another existing passenger, and all plaintiffs have appealed.
Alejandro Ramos was driving the family automobile with his wife and daughter seated on the front seat. Returning to the family home at night he parked the vehicle on his left side of the roadway, facing against traffic, in order to permit his wife and daughter closer entrance to their home, after which he intended to pull into the driveway and park. Mrs. Ramos was seated on the right front seat, and she opened the door to disembark into the street. As she stood there, she noticed the defendant’s truck backing towards her, screamed, pushed her daughter, who had been occupying the middle of the front seat back into the vehicle, and fell on top of her. The backing truck then struck the open door of their car before stopping. All three of the plaintiffs claimed personal injuries as a result of this event, but the trial judge only awarded personal injuries to the minor child and the amount of her medical bill to the father.
The truck driver admits that he was backing down the street, and contends that he first checked to see if the way was clear. He testified that he had noted the parked Ramos car some minutes before but did not notice the passengers therein, nor did he see the door open. He would not have struck the vehicle at all except for the open door.
The negligence of the truck driver is apparent. He had stopped earlier to give assistance to another vehicle with a flat tire on the opposite side of the street. He had parked his truck at an angle blocking a large part of the street, facing in the wrong direction so that his lights could illuminate the rear of the car on whose tire he worked. He testified he checked his rear view mirror on the Ramos side and saw nothing and then began backing, keeping his vision fixed on a parked vehicle on the opposite side, around which he had to maneuver to straighten out in the street. The backing of a motor vehicle is a dangerous maneuver, particularly at night, and it is required that such maneuvers be conducted with great care and attention. Shaw v. Van Dyke, 287 *731 So.2d 808 (La.App. 4th Cir. 1974). As he backed from his illegally parked position, the truck driver should have paid more attention to the entire situation, and not concentrated his attention only on the vehicle parked behind him on his left. Had he paid any attention to the roadway in general, he would have noticed the opened door and the passenger disembarking on that side.
However, we also find negligence on the part of Mr. Ramos and Mrs. Ramos. Mr. Ramos parked his automobile across the street in the rear of the truck facing the opposite direction. He directly violated § 38-220 of the New Orleans Municipal Code subsection (a) requiring that persons should stand or park vehicles heading in the direction of lawful traffic movement This violation by itself is not sufficient to cast him in negligence, but it in turn required his passengers to disembark into the street in violation of § 88-130 of the Municipal Code, requiring that no person shall open the door of a motor vehicle on the side adjacent to moving traffic in such a manner as to obstruct the right of way of any vehicle moving thereon. Mr. Ramos recognized that there was hazard attached to parking in this fashion and requiring his wife and daughter to disembark on the traffic side of the street, nevertheless he did so, not out of any emergency, but simply as a matter of convenience so they would have a shorter distance to walk to their front door, rather than walking from the driveway where he intended to finally park.
Similarly, Mrs. Ramos was negligent in disembarking into the street while the truck was making its backing maneuver. Although there is some confusion in her testimony on this point, the trial judge could readily conclude that she did not first ascertain that she could disembark safely, clear of any traffic on the street. Had she not opened the door into the path of the truck, there would have been no collision. We conclude, as did the trial judge, that Mr. and Mrs. Ramos were both guilty of contributory negligence, and may not recover for their injuries.
A somewhat different problem is presented in respect to their minor daughter, Regia Mercedes Ramos. She had been sitting in the middle of the front seat, and as her mother got out of the car and was standing in the roadway, she began to get out of the vehicle. As she was getting in position to alight, Mrs. Ramos jumped back into the car shoving her backwards and down off the seat, causing injuries to her left ankle, hip and back. We do not find that she was negligent but instead was injured through the joint negligence of the defendant truck driver and her mother and father, Mr. and Mrs. Ramos. She was required to undergo medical treatment and suffered pain in the areas mentioned for several months. The trial judge awarded the sum of $1,800 as general damages for her injury, and we find no manifest error in the exercise of his discretion in fixing that sum.
Having concluded that the trial judge was correct in his determination of negligence and liability, we affirm the award on appellee’s third party demand for contribution. The award for the child’s medical expenses was not at issue on this appeal.
The judgment appealed is affirmed at the cost of appellant.

AFFIRMED.