DUFRESNE, Judge.
This appeal arises from a suit for damages incurred by plaintiff as a result of an interseetional vehicular collision.
The plaintiff, Joseph R. Planellas, was injured and his automobile was damaged in the accident. The other automobile was owned by Coiled Tubing Inc. and was being operated by one of its employees, Daniel L. Doty.
Joseph R. Planellas filed suit to recover for his damages naming as defendants: Daniel Doty (Employee), Coiled Tubing, Inc. (Employer) and Northwest Insurance Company (Liability Insurer).
A Third Party Demand was filed by the defendants, Coiled Tubing, Inc. and Northwest Insurance Company against Daniel Doty alleging that he was operating the vehicle without permission and outside the scope of his employment. Daniel Doty responded with a Third Party Demand against Coiled Tubing, Inc. and Northwest Insurance Company for damages.
Following trial, judgment was rendered in favor of Joseph R. Planellas and against Daniel L. Doty, Coiled Tubing, Inc. and Northwest Insurance Company in the amount of $2,000.00‘damages, plus medical expenses of $433.24 and property damages of $398.56, plus legal interest. The trial court further ordered judgment in favor of Coiled Tubing, Inc. and Northwest Insurance Company and against Daniel L. Doty for the full amount of the judgment rendered. From this judgment the plaintiff, Joseph R. Planellas has appealed.
On appeal, the appellant, Joseph R. Pla-nellas raises the following issues:
1. The Trial Judge erred in not awarding the sum of $2,178.59 as lost earnings to Joseph R. Planellas for loss of earning power resulting from this accident of October 14, 1978, for the period October 14, 1978 through December 4, 1978.
2. The Trial Judge was in error in awarding only $2,000.00 to the plaintiff, Joseph R. Planellas, who suffered a severe lumboscaral strain which prevented him from working from October 14, 1978 through December 4, 1978, and continued to suffer intermittent pains up to the time of trial, especially in the light of his prior back operation in 1970, and injury of his back in 1974 from which he had fully recovered at the time of the accident, but according to the orthopedic surgeon, Dr. Cashio, made him more susceptible to injury and prevented him from healing faster than the ordinary person who had not suffered prior back injuries.
*740 LOSS OF EARNING POWER
The plaintiff raises in his first assignment of error that the trial court erred in not awarding the full sum of $2,178.59 as lost earnings to the plaintiff. The question of law involved is whether the plaintiff is to recover loss of earning power for the period that he was disabled from this vehicular accident even though he may have been receiving workmen’s compensation for another unrelated accident during the same period of time?
On July 10, 1978, the plaintiff, while employed by U. S. Steel Products Division, Harahan, Louisiana, had injured his wrist, and subsequently was operated on August 28, 1978. He received workmen’s compensation payments until December of 1978, when he was allowed to go back to light work after recovering from the automobile injury in question on October 14, 1978. The testimony adduced at trial, indicated that the wrist injury suffered prior to the injuries sustained in the automobile accident would have kept plaintiff from working for the entire disputed time.
After considering the evidence, the trial judge concluded as follows:
“The Court refuses any amount of judgment for lost wages, in view of the fact that Mr. Doty was in fact unable to be employed because of a previous wrist injury. It is not the same situation as in the case cited by Plaintiff’s counsel where it called upon the court to determine liability vel non because of the collateral source problem. That isn’t the problem in this case. We’re not concerned whether the insurance company paid the plaintiff in this case, but we are concerned with is inability to work because of a previous injury. He would not have worked anyway, and if he would not have worked, he would not have been paid from Coiled Tubing; and that doesn’t have anything to do with whether he was paid or not because of the wrist injury. Therefore, I find that he’s not entitled to any lost wages.” (Emphasis added)
We have examined the record thoroughly and conclude that the evidence supports the trial judge’s conclusion that the period of plaintiff’s disability from the prior disabling injury continued throughout the length of time the plaintiff was disabled as a result of the accident made the basis of this litigation.
DAMAGES
The plaintiff contends that the award of damages is not sufficient. We disagree.
To support the plaintiff’s argument for increasing the award, he lacks supportive authority, La.Civil Code Art. 1934(3) gives the trial court and/or jury much discretion in the assessment of damages. The Supreme Court of Louisiana in Reck v. Stevens, 373 So.2d 498, 499-500 (La.1979), states in regard to appellate review of such an award:
“ ‘The primary question before the appellate court, then, is whether the judge or the jury in fixing the amount of the award has abused its great discretion vested in them by law. . . . [Prior deci-sional awards] relied upon may be similar injury such as broken arm, the loss of an eye or eyes, or the loss of some member of the body. Thereafter, however, the similarity ceases for each case is different, and the adequacy or the facts or circumstances peculiar to the case under consideration. The primary purpose of the judge or jury in fixing the award in a personal injury case is to adequately compensate the injured person for his injury under the facts shown to exist in this case.’ ”
We cannot find from our review of the record that the trial court clearly abused its discretion in making the awards. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). We find the awards to be adequate. For the reasons hereinabove expressed, the judgment of the trial court is affirmed.
AFFIRMED.