KNOLL, Judge.
Charles E. Bonnett (hereafter Bonnett), an attorney, appeals an adverse judgment casting him with damages for the wrongful issuance of a notice of lis pendens in connection with his defamation action filed in proper person against Robert Theriot, Anna Lee Hulin Theriot and Mabel Landry Hulin (hereafter plaintiffs). The trial court ruled that the plaintiffs were entitled to $8500 damages because Bonnett wrongfully recorded the notice of lis pendens, and then failed to cancel it for a period of ten months. Bonnett contends that plaintiffs failed to prove they were damaged by the recordation of the notice of lis pendens or, in the alternative, that they are only entitled to minimal damages. We affirm.
FACTS
On September 8, 1983, Bonnett, a Louisiana attorney, filed suit in proper person against plaintiffs seeking damages for defamation of character. In connection with this tort claim Bonnett also recorded a notice of lis pendens in the mortgage records of St. Martin Parish listing four tracts of land owned by plaintiffs.
In November 1983 plaintiffs’ counsel asked Bonnett to cancel the notice of lis pendens, bringing to Bonnett’s attention that it had been wrongfully filed. Bonnett agreed but failed to do so. When cancellation was not forthcoming plaintiffs filed this damage suit on January 9, 1984. The notice of lis pendens was not canceled until November 19, 1984. On May 23, 1985, the trial court heard plaintiffs’ damage claim, awarding Robert Theriot and Anna Lee Hulin Theriot each $2500, and Mabel Landry Hulin $3500.
DAMAGES
Bonnett does not contest that the notice of lis pendens was improperly recorded. His suit against plaintiffs was for damages, and in no way was it connected to litigation affecting title to real property. See Dane v. Doucet Bros. Const. Co., Inc., 396 So.2d 418 (La.App. 4th Cir.1981). However, Bonnett contends that plaintiffs failed to prove they were damaged by his wrongful recordation of the notice of lis pendens.
A claimant must establish his damages with reasonable certainty. Bourg v. Cane Air, Inc., 325 So.2d 738 (La.App. 1st Cir.1976). It is axiomatic that when there is a legal right to recover damages but the amount cannot be exactly estimated, the courts have reasonable discretion to assess damages based upon all facts and circumstances of the particular case. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
An illegal or improper notice of lis pendens hampers or even prevents a landowner in his efforts to freely encumber or dispose of his property for the duration that such notice remains recorded. Karst v. Fryar, 430 So.2d 318 (La.App. 3rd Cir.1983). Bonnett’s recordation of this instrument was a clear misuse of lis pendens. Because of Bonnett’s abuse of this protective device the plaintiffs had to suffer the effects of this lis pendens for almost one year against various properties owned by them. Furthermore, Bonnett failed to secure cancellation of the patently erroneous notice of lis pendens even after its impropriety was brought to his attention. The record is clear that plaintiffs purchased the property for investment purposes and were unable to sell any or all of their property while the notice of lis pendens existed. The record also supports that plaintiffs suffered mental anguish and embarrassment as a result of the notice of lis pendens. Under these circumstances we cannot say that the trial court abused its discretion in its assessment of damages.
*708 Por the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against Charles E. Bonnett.
AFFIRMED.