CRAIN, Judge.
This is an appeal from a judgment in favor of defendants in a personal injury action.
The accident occurred on March 29,1982, at approximately 10:30 p.m. in the left southbound lane of La. 24. At the site of the accident La. 24 is a four-lane, two-way highway with the north and southbound lanes divided by a bayou. Carrere was in the process of backing his employer’s truck across the highway into his private driveway which fronts the east side of southbound La. 24. Thibodaux was driving his motorcycle in the left southbound lane when he collided with the truck.
Thibodaux instituted this action against Carrere, Acme Truck Line, Inc. (Carrere’s employer) and Northwestern National Insurance Company. The case was submitted to the trial court for judgment based on the pleadings and depositions. Judgment was rendered in favor of defend *500 ants. From this judgment Thibodaux appeals alleging four assignments of error.
STANDARD OF REVIEW
When the trial court’s findings are based entirely on depositions and pleadings the manifest error standard of review is not applicable since the reviewing court is as capable of determining witness credibility and resolving conflicts in testimony as the trial court. Vial v. Armstrong, 479 So.2d 583 (La.App. 1st Cir.1985), writs denied, 481 So.2d 635 (La.1986). Consequently, we shall make factual findings in accordance with the sufficiency and preponderance of the evidence.
THE CONDUCT OF CARRERE
In the first and second assignments of error Thibodaux alleges that the trial court erred in failing to find that Carrere was negligent and that his negligence was a cause in fact of the accident.
Carrere, a professional truck driver, intended to back the truck into his driveway which fronted the east side of La. 24. In order to back the truck Carrere pulled the truck off the highway onto the east shoulder near his driveway. He then checked for traffic and observed the headlights of an automobile approaching in a southerly direction. The tractor trailer was approximately 55 feet long and his intended man-uever took one and one-half to two minutes to complete. The car lights were approximately one-fourth to one-half mile north of Carrere’s truck. Estimating that he had enough time to complete the maneuver Carrere pulled the truck across the highway, jacknifed, then began backing into the driveway. He again checked for traffic and observed the car approaching in the right lane and for the first time saw the motorcycle driven by Thibodaux as it pulled out from behind the car into the left lane. Carrere continued backing the truck in order to clear the highway, however, the motorcycle continued in the left lane and struck the trailer. The presence of the truck at night completely blocking the left lane and partially blocking the right lane of the highway was obviously a cause in fact of the accident. The question which must then be determined is whether Carrere breached a legal duty owed the plaintiff. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
The driver of a vehicle has the duty to refrain from backing his vehicle “unless such movement can be made with reasonable safety and without interfering with other traffic.” La.R.S. 32:281 A. Backing a motor vehicle at night is a dangerous maneuver requiring great care and attention. Ramos v. Gentilly Woods Phillips 66 Service Station, 354 So.2d 729 (La.App. 4th Cir.1978). After observing the headlights of an automobile approaching from approximately one-fourth to one-half mile away Carrere commenced his backing maneuver. In so doing Carrere breached a duty owed to plaintiff by creating an unreasonable risk of harm to oncoming traffic. Carrere was, therefore, negligent. Consequently, we reverse that portion of the trial court judgment which held Carrere free of negligence.
NEGLIGENCE OF THIBODAUX
In the second assignment of error appellant contends the trial court erred in finding that appellant was negligent.
The trailer was painted white. The accident site was illuminated by two street lights located near the driveway on either side of the southbound lanes. The site was also illuminated by the lights of a commercial establishment (Louisiana Offshore Caterers) located across from the driveway. The truck was mounted with headlights and tail lights. The side of the trailer was mounted with lights and reflectors as required by La.R.S. 32:308-311.1. Lights and reflectors were also mounted along the sides of the headache rack. The testimony of the parties conflicts over whether the truck lights were on prior to and at the time of the accident. After considering the testimony of the witnesses and the evidence presented we find that the truck *501 lights were all illuminated prior to and at the time of the collision.
Mr. and Mrs. Carrere testified that plaintiff was speeding. Plaintiff, however, stated that he was proceeding at fifty miles per hour, that he was not distracted and was looking straight ahead immediately prior to the accident. He further stated that he didn’t see the truck until he hit it.
The weather was cloudy, visibility was good, and the highway surface was dry. The investigating officer noted no visual obscurements. The highway was straight for at least one-fourth mile north of the accident site.
Plaintiff had the duty to maintain a sharp lookout ahead. Lindstrom v. Arnold, 421 So.2d 1178 (La.App. 2d Cir.), writ denied, 423 So.2d 1183 (La.1982). After considering the above factors we find that plaintiff failed to maintain a proper lookout and see what should have been seen. His failure to do so was a cause in fact of the accident. Accordingly, we affirm that portion of the trial court judgment finding plaintiff negligent. We apportion fifty percent negligence to Thibodaux and fifty percent negligence to Carrere.
GENERAL DAMAGES AND MEDICAL EXPENSES
Thibodaux suffered multiple abrasions, contusions and a transnavicular peri-lunate fracture dislocation of the right wrist. Surgery was performed on three separate occasions before the fracture was properly healed: initial reduction of the fracture and insertion of pins into the wrist, a bone graft, and a wrist fusion. Plaintiff will apparently require no future surgical procedures or medical care for his injury. He was discharged from medical treatment in February, 1984, with a thirty-five percent permanent partial disability of the right arm. Plaintiff retains flexibility in his hand and fingers but does not yet have full strength in his hand. He retains no wrist motion. Plaintiff alleges that he suffered psychological trauma due to the injury, however, the evidence presented strongly refutes this allegation.
After considering the evidence we find that an award of $50,000 is appropriate for the general damages sustained by plaintiff. We also award plaintiff $15,570 for medical expenses.
LOSS OF PAST AND FUTURE INCOME
Plaintiff seeks an award for past lost income. Evidence relating to plaintiffs actual work experience is very sketchy. Plaintiff worked as a service station attendant in 1974 performing some mechanic duties. He stated that he worked sporadically for a house moving company but had been unemployed for at least eight months prior to the accident. No evidence was presented in reference to the amount of any income actually earned by plaintiff from 1974 to the date of the accident.
It is uncontested that plaintiff was scheduled to begin work at the service station before the accident occurred yet failed to do so. Plaintiff testified that he was scheduled to begin work as a service station attendant and mechanic one week before the accident occurred but he never did report for work. Mr. Glenn Patrick Crad-eur stated that plaintiff was scheduled to begin working at Cradeur’s service station one or two days before the accident.
Dr. Richard Landry, one of the treating physicians, testified that plaintiff had been unable to perform heavy manual labor throughout the term of his medical treatment. He could have performed light labor or sedentary work since November, 1983. Plaintiff has not attempted to seek employment since the accident occurred. Based on the complete lack of proof of income earned prior to the accident and his failure to begin work as scheduled before the accident, we hold that plaintiff is not entitled to an award for lost income.
Plaintiff seeks damages for loss of future income. We note that plaintiffs educational background consists of a GED diploma. Plaintiff is permanently unable to perform manual labor requiring lifting of heavy objects. He is able to perform light *502 manual labor or sedentary work. He is able to drive a stick shift car or pickup truck but would be unable to drive an eighteen wheeler or similar vehicle.
Among the factors to be considered in determining loss of future income are: changes in plaintiff’s physical condition caused by the injury; his past work record; the consistency of his work record; the amount plaintiff would have earned without the injury; and the probability he would have continued working over the balance of his working life. Morgan v. Willis-Knighton Medical Center, 456 So.2d 650 (La.App. 2d Cir.1984). In light of the enumerated factors and due to lack of sufficient evidence we hold that an award of lost future income would be purely speculative and unsupported by the evidence.
DECREE
The judgment of the trial court is reversed in part and rendered in favor of plaintiff against defendants. Plaintiff is awarded $50,000 in general damages and $15,570 in medical expenses. Defendants are 50% at fault and plaintiff is 50% at fault. The medical expenses and damages awarded must be reduced accordingly with legal interest due on plaintiff’s award from judicial demand until paid. Costs of this appeal are assessed against defendants.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.