KLIEBERT, Judge.
Plaintiff, Thomas Walls, brought this personal injury suit against Paul and Theresa Henley, their liability insurance carrier, American National Insurance Company, and Walls’ uninsured/underinsured motorist carrier, Texas Fire and Casualty Insurance Company. The jury returned a verdict in plaintiff’s favor for $446.00 in past medical expenses, $1,000.00 in future medical expenses, and $500.00 in general damages. Plaintiff’s motion for a new trial on the ground the jury interrogatories did not include a property damage category was denied; however, the trial judge ordered an additur to the verdict for $338.33 in property damages. Thus, judgment was rendered against the Henleys and their liability insurance carrier in the total amount of $2,284.33.
Plaintiff appealed and presents for review the propriety of (1) the grant of an additur rather than a new trial; (2) the amount of general damages and future medical expenses; and (3) the absence of an award for permanent disability and wage losses. Defendants answered the appeal but in brief to this court announced the withdrawal of the answer. Liability is not an issue on the appeal. For the reasons which follow we affirm the judgment of the trial court.
FACTS
On April 4,1986 a pick-up truck operated by defendant Henley struck the rear of a *1297 1967 Ford Fairlane operated by plaintiff Walls. Both vehicles were traveling in the left lane of U.S. Highway 61, and as the lead vehicle slowed down to turn left, Henley skidded into the rear of the Walls’ lead vehicle. Henley was traveling approximately twenty-five miles per hour on impact and struck Walls’ vehicle twice before coming to a stop. The investigating officer, Detective Douglas Lambert, noted the accident occurred during daylight hours on a dry blacktop roadway with no visual obstructions. Detective Lambert estimated the vehicles traveled sixty feet after impact. He observed minor damage to the vehicles, and neither driver nor the passengers complained of any injury. Damages to Walls’ vehicle were subsequently assessed at $338.33.
Walls had suffered back, leg and neck injuries in a previous accident on June 29, 1984 and was under the care of an orthopedic surgeon, Dr. Santo LoCoco, at the time of the second accident. Although Walls was treated by Dr. LoCoco four days before the second accident and was scheduled to return in nine days, he did not keep the appointment. Subsequently, however, Dr. LoCoco treated Walls on three occasions after the second accident but found no objective basis for his complaints.
Some three weeks after the second accident Walls was treated by Dr. Christy Mon-tegut, a family practitioner, for pain and stiffness in the neck, shoulders and lower back. Diagnostic testing revealed no evidence of abnormalities of the neurological system and cervical spine. Dr. Montegut diagnosed a recurrent soft tissue strain of the cervical lumbar spine and instituted a regime of conservative treatment which continued through January 2, 1987.
Dr. Melvin Parnell, an orthopedic surgeon, examined Walls on December 8,1986 at defense counsel’s request. Dr. Parnell found no evidence of ruptured disks, pinched nerves, narrowing of disc spaces, arthritis, or calcification, and no objective basis for Walls’ complaints.
While this case was pending Walls settled his claims relating to the first accident for $17,500.00. The jury was aware of the settlement amount.
In assessing Walls’ claim for damages arising from the second accident the jury was required to balance two principals of law:
(1) A defendant takes his victim as he finds him, and where a pre-existing injury, is aggravated by the defendant’s negligent action, he must compensate the victim for the full extent of the aggravation. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Boudreaux v. Terrebonne Parish Police Jury, 477 So.2d 1235 (1st Cir.1985) writ denied 481 So.2d 133. and
(2) A defendant cannot be held liable for injuries which are not attributable to the wrongful act. Sciortino v. Alfana, 435 So.2d 1010 (5th Cir.1983); Williams v. Winn-Dixie Louisiana, Inc., 418 So.2d 13 (1st Cir.1982). See also Olivier v. Sears Roebuck & Co., 499 So.2d 1058 (3rd Cir.1986).
Three medical experts testified in the case. Although Dr. LoCoco, the treating orthopedic specialist, testified that in cases such as the present a second accident usually aggravates the existing condition, he was adamant in his opinion Walls’ back condition was not much different after the second accident than before. After reviewing Dr. LoCoco’s records, Dr. Parnell, an orthopedic specialist, also concluded Walls’ condition had returned to its pre-second accident state. Of the three experts, only Dr. Montegut, the family practitioner, felt there was a significant relationship between Walls’ injuries and the second accident. However, even he admitted he never spoke to Dr. LoCoco or viewed his records and, hence, had no knowledge of the extent of residual injury from the first accident. His opinion was based solely on information received from Walls, who claimed he was feeling better before the second accident occurred.
On appeal plaintiff contends the trial judge’s failure to include a property damage category on the jury interrogatories and the jury’s failure to award anything for permanent disability or for past and *1298 future wage losses are manifest errors. Plaintiff also contends the award made by the jury for medical expenses and general damages is inadequate.
THE ADDITUR
While the trial judge did err by not including a property damage category in the interrogatories, the error can be corrected without granting a new trial, for La.C.C.P. Article 1812 provides, inter alia:
“A. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event, the court may submit to the jury written questions susceptible of categorical or other brief answer, or may submit written forms of the several special findings which might properly be made under the pleadings and evidence, or may use any other appropriate method of submitting the issues and requiring the written findings thereon. The court shall give to the jury such explanation and instruction concerning the matter submitted as may be necessary to enable the jury to make its findings upon each issue. If the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue omitted unless, before the jury retires, he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding, or if it fails to do so, it shall be presumed to have made a finding in accord with the judgment on the special verdict.” (Emphasis Supplied)
Defendant argues the trial judge denied plaintiffs motion for a new trial because counsel had ample opportunity to review the interrogatories and lodge objections before they were submitted to the jury but failed to do so. The undisputed evidence showed plaintiffs property damages were $338.33. By rendering an amended judgment in plaintiffs favor for $338.33 the trial judge followed the procedure outlined in Article 1812. His doing so was not manifest error and resulted in the plaintiff being fully compensated for the full extent of his property damage.
GENERAL AND SPECIAL DAMAGES
In the assessment of general damages much discretion must be left to the trier of fact. La.C.C. Article 2324.1; Reck v. Stevens, 373 So.2d 498 (La.1979). Before a court of appeal can disturb a general damage award, the record must clearly reveal the trier of fact abused its discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, having in regard also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony. Boswell v. Roy O. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978). The above principles are applicable where the need for future medical care has been demonstrated but the cost is not susceptible of determination. See Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151 (1971); Landaiche v. Lou-Con, 461 So.2d 1107 (5th Cir.1984).
Past medical expenses were $446.00. The jury did not attempt to prorate the expenses between the first and second accidents but rather assessed against the defendants all medical expenses incurred after the second accident. Testimony as to future medical expenses was sketchy. Dr. LoCoco felt Walls was suffering nerve root compression which might progressively worsen over ten years to the point of surgery. However, he felt the condition was related to the first accident, and he offered no estimate of future expenses. Dr. Mon-tegut felt Walls needed further diagnostic testing and, under the best case scenario, would incur at least $2,000.00 in future medical expenses for therapy, treatment, medication and check-ups.
The future medical expense award is twice the past-expense award and one-half of what Dr. Montegut was reasonably certain would be incurred. Given the nature of Walls’ injuries, the evidence presented to the jury, the speculative na *1299 ture of future medical expenses, and the presence of the pre-existing injury, the award for future medical expenses is rather generous; hence, we cannot say the jury abused its discretion in setting the future medical-expense award at $1,000.00.
Next, we consider plaintiffs contentions and arguments that the jury committed manifest error in failing to award anything for permanent disability and for past and future wage losses and abused its discretion in awarding $500.00 in general damages.
No one knows the mental process or the particular evidence the jury utilized in reaching its conclusions. Here Dr. LoCoco testified Walls “eventually” and “probably” will have some type of permanent damage to his back but related it to the first accident. Dr. Montegut testified Walls might be developing scar tissue. Neither doctor testified a permanent disability existed or was possible or was caused by the second accident. Walls had not worked since the first accident and had been released for only light duty work by Dr. LoCoco. No evidence of Walls’ past income was introduced. The only evidence relating to the claim is Walls’ testimony that he worked in “security” and as a waiter in 1984, and had filed some (no indication as to with whom or how many) applications for employment since the second accident.
One claiming permanent disability must prove it with reasonable certainty. Tadin v. New Orleans Public Service, Inc., 226 La. 629, 76 So.2d 910 (1954). Theriot v. Bonnett, 491 So.2d 706 (3rd Cir.1986). The same applies to a claim for past or future wage loss. Here there is no evidence of permanent disability or loss of income. Rather, there is substantial evidence to indicate whatever pain the plaintiff had after the second accident was a residual from the injury sustained in the first accident. The jury may have given more weight to the medical testimony of the two orthopedic specialists rather than to the family practitioner or to the plaintiff because the claimed injury was within the orthopedist’s specialty and plaintiff was treated by Dr. LoCoco both before and after the second accident.
Under the facts of this case we discern no manifest error in the jury’s conclusion Walls suffered no permanent disability as a result of the second accident. Also, since there was a complete absence of proof as to an income loss, such an award would have been purely speculative. Thibodaux v. Acme Truck Line, Inc., 496 So.2d 499 (1st Cir.1986); Planellas v. Doty, 418 So.2d 738 (5th Cir.1982). Moreover, when considered in the light of the record in this case and in conjunction with the entire award, we cannot say the jury erred in setting the awards here.
For the reasons stated therefore we affirm the judgment of the trial court. All cósts of the appeal are to be borne by the plaintiff.
AFFIRMED.