CHASEZ, Judge.
The plaintiff appellant herein, Miss Elsie Myevre, filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against the City of New Orleans, Boh Brothel'S Construction Co. and the Travelers Insurance Company for damages alleged to have been suffered by her as the owner of the residence 5807 West End Blvd., in the City of New Orleans.
During 1964, the Boh Brothers Construction Company, Inc., under the terms of a contract entered into with the Department of Highways of the State of Louisiana and the United States Highway Department, was in the process of building an overpass over the Interstate Highway #10. This overpass was located in the large neutral ground area of West End Blvd., which was once the New Basin Canal. In connection with the construction of the overpass, it was necessary for Boh Brothers Construction Company, under the plans and specifications covering the work, to drive concrete piling.
The plaintiff claims as a result of the pile-driving operations and the use of heavy equipment that her property 5807 West End Blvd. was damaged.
The City of New Orleans filed exceptions, indicating that the petition was vague and indefinite and that plaintiff had no right or cause of action.
The plaintiff amended her petition, reducing her demands to the sum of $12,365.00 and alleged that the damages for the repairs necessary to the building amounted to $2,-365.00. Thereafter, the City of New Orleans filed its answer to the action and subsequently moved for a summary judgment in its favor, dismissing plaintiff’s demands.
Both Brothers Construction Company, Inc. answered, denying any liability to the plaintiff and denied that it negligently performed its duties under its contract with the-Department of Highways of the State of Louisiana and the United States Highway Department, but admitted that the Travelers Insurance Company had issued a policy of liability insurance in the matter. Bob Brothers Construction Company pled that it entered into a contract with the State Department of Highways and the United States Highway Department for the construction of a portion of the expressway and pled that it committed no negligence. After trial of the motion for a Summary Judgment filed by the City of New Orleans, the Court rendered judgment in favor of the City of New Orleans, dismissing plaintiff’s suit.
No appeal from this judgment was taken by the plaintiff, Miss Elsie Myevre.
Thus this appeal concerns only the suit of the plaintiff against Boh Brothers Construction Company, Inc. and the Travelers Insurance Company.
The District Judge, in rendering judgment against the plaintiff, Miss Elsie Myevre, in favor of the defendants Boh Brothers Construction Company, Inc. and the Travelers Insurance Company, dismissing plaintiff’s suit at her costs, gave-the following reasons:
“This suit was originally filed by plaintiff, Miss Elsie Myevre against Bob Brothers Construction Co. and its insuror, Travelers Insurance Company, and the City of New Orleans for damages suffered by plaintiff as a result of the construction by the State of Louisiana of a portion of the expressway fronting West End Boulevard.
*861 “On a motion for summary judgment, it was established that the City of New Orleans was in no way connected with the construction of the overpasses or expressways. The motion for summary judgment was maintained and the City of New Orleans dismissed from the suit. The controversy remaining is between plaintiff and defendant Boh Brothers Construction Co. and its insurer.
“Plaintiff contends that she did not have to establish negligence of the defendant and that it was sufficient merely to show that the damage to the property did take place as a result of the work being performed by the defendant. Plaintiff’s contention is based solely on the provisions of Article 667 of the Louisiana Civil Code. This Court is of the opinion, as it has previously ruled, and as has been affirmed by the Court of Appeal, that this Article does not apply to the instant case, since Boh Brothers Construction Co. was not the owner of the adjoining premises. It is therefore in.cumbent on plaintiff, in order to recover from defendant, to establish that the defendant was negligent either in doing its work improperly or in using improper equipment for the work or through some other improper means, causing the damage complained of. This, plaintiff has failed to establish. As a matter of fact, from all the evidence introduced by both the plaintiff and the defendant, the Court finds that the defendant conducted its work in a proper and prudent manner and used only such equipment as was usual, normal and proper for the work to be performed. There is not present in this instance a scintilla of evidence to indicate that defendant was guilty of any neglect whatsoever.
“Accordingly, there must be judgment herein in favor of the defendant Boh Brothers Construction Co. and its insuror, Travelers Insurance Company and against plaintiff, Miss Elsie Myevre, dismissing plaintiff’s suit at its costs.”
The findings of fact and conclusion of the District Judge quoted above are borne out by the testimony and evidence in this record. As did the District Judge, we find that the provisions of Article 667 of the Civil Code do not apply to this case, and we also find that the defendant, Boh Brothers Construction Company, Inc. was not negligent in any manner in the performance of its contract with and for the Department of Highways of the State of Louisiana and the United States Highway Department while constructing the overpass over Highway #10.
The decisions of the Court of Louisiana are uniform in holding that a contractor is not responsible for damages sustained by property owners in the vicinity of works being constructed unless the property owner proves by a preponderance of evidence that the negligence of the contractor was the cause of the damage. Loesch v. R. P. Farnsworth & Co., 12 So.2d 222 (La.App.1943); Beck v. Boh Bros. Construction Co., 72 So.2d 765 (La.App.1954); Tadin v. New Orleans Public Service, Inc., 226 La. 629, 76 So.2d 910 (1954).
In the landmark case of Loesch v. R. P. Farnsworth & Co., supra, the adjoining property owner sought to hold the contractor responsible for damage to his property allegedly resulting from the construction of a telephone company building. The Court stated:
“We are much impressed by a realization of the obviously unfair result which might be brought about should it be held that, under such facts as are shown here, a contractor might be held liable for damage sustained by nearby buildings. The contractor here had nothing whatever to do with the preparation of the plans and specifications without variation on his part (as is conceded). Therefore, if there is anything at all which justifies recovery from anyone, it is only the fact that because of the proximity of plaintiff’s building during the construction of the building for the Telephone Company, *862 damage resulted to the former, not from the manner in which the work was done but merely from the fact that the work was done at all. Why then should the contractor be held liable? * * *
“Nevertheless, the granting of the permit or franchise authorizes the construction of the work, and it would be unfair to hold liable the contractor employed to do the work merely because in doing it legally and properly he has caused damage to adjoining property.” (Emphasis supplied.) 12 So.2d at 226.
Therefore, plaintiff having failed to prove her case against defendant Boh Brothers Construction Company, Inc. and its insurer Travelers Insurance Company, the judgment of the Court aqua dismissing the suit of plaintiff against the defendants is affirmed. All costs of Court shall be paid by plaintiff and appellant, Miss Elsie Myevre.
Affirmed.