220 So.2d 226 (1969)
Mrs. Mary H. TAIT et al., Plaintiffs-Appellees,
v.
WESTERN WORLD INSURANCE COMPANY et al., Defendants-Appellants.
No. 2621.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1969.
Rehearing Denied April 2, 1969.
Writs Refused June 9, 1969.
*227 Stafford & Pitts, by John L. Pitts, Alexandria, for defendant-appellant.
Pharis & Pharis, by F. Jean Pharis, Alexandria, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
Plaintiffs filed suit against Jerry Broadhead, the owner of a private nursing home, and his insurer, Western World Insurance Company, because of the death of their mother which resulted from a fall in the nursing home, and which was due to the negligence of the defendant nursing home. Also made a party by supplemental petition was Mrs. Beatrice K. Baker. Plaintiff, through counsel, later dismissed the suit as to Mrs. Baker.
Defendants filed an answer generally denying the allegations of plaintiffs' petition, and further alleged that the decedent was given adequate care and attention; that the death of plaintiffs' mother was due to an unforeseeable event and one which could not have been prevented by the nursing home. There was also an alternative defense of contributory negligence.
After a trial on the merits judgment was rendered in favor of plaintiffs and against defendants, in solido, in the sum of $15,591.10. Defendants have appealed to this Court.
In their petition plaintiffs allege their mother had been a resident of the nursing home for two years prior to the accident and her death because of said accident; that they did not know the exact cause or circumstances of the accident and injury to the deceased; that the accident and resulting injuries would not have occurred in the absence of negligence on the part of Broadhead and his agents and employees. Plaintiffs invoked the doctrine of res ipsa loquitur which they assert raises a presumption of negligence, imprudence or want of skill of Broadhead, his agents or employees.
Alternatively, plaintiffs allege that the cause of the accident and resulting death of their mother was the negligence of the nursing home in failing to provide safeguards for the health and safety of the deceased; failure to provide adequate personnel to prevent the deceased from being hurt or injured by the other patients of the nursing home or by herself; failure to prevent the deceased from entering a portion of the nursing home quarters assigned to the men in the home; failure to restrict the deceased to a portion of the nursing home which would be safe; failure to adequately supervise the deceased at meal time; and failure to maintain a barrier which would have prevented deceased from entering the portion of the nursing home reserved for male patients.
*228 The record reveals that on February 16, 1967, Mrs. Hepsie G. Haley, mother of plaintiffs, fell and injured herself, suffering a fracture of the left thigh. Because of her injuries she died. She had been a patient in the nursing home for more than five years prior to the accident. She paid the home $200.00 per month for a semi-private room, which included lodging and meals.
The deposition of Mrs. Hazel Caroline Wells Wallace was taken at the request of counsel for plaintiffs. Mrs. Wallace is a registered nurse at the nursing home. She testified there were about 40 patients in the home; about 20 to 24 were women, and the rest were men. She testified she was on duty when Mrs. Haley was injured; that the accident occurred during the noon hour; that the patients ate in the main dining hall; that after Mrs. Haley finished her meal she wandered out of the main dining hall; and, shortly thereafter, she heard a scream and found Mrs. Haley on the floor in the hall near the men's lounge. She stayed with the patient for about thirty minutes, and then the ambulance took Mrs. Haley to the hospital. Mrs. Wallace then made an investigation of the accident. She asked Mr. Rufus Null, an elderly patient, about the accident. Counsel for defendants strenuously objected to this testimony as being hearsay and inadmissible. The trial court allowed the evidence to be made a part of the record.
Mrs. Haley was 89 and ambulatory. However, she believed that all men were her husband. This being the reason advanced for her actions.
Mrs. Lilly Ryland also testified by deposition instigated by counsel for plaintiffs. She is a licensed practical nurse and works at the nursing home on a part-time basis. She testified she had known Mrs. Haley for four years. Mrs. Haley liked to roam around the nursing home; that she was senile, and was always looking for her deceased husband; that Mrs. Haley had a tendency to go to the portion of the home reserved for men. The employees of the home would get her from the men's lounge and take her back to her living quarters.
Mrs. Audrey Alice Riggs testified by deposition requested by counsel for plaintiffs. She is a licensed practical nurse at the nursing home. She was instructed to watch Mrs. Haley; that is, to keep her within the women's area of the nursing home. She stated Mrs. Haley was always hunting for her husband; and, that the employees of the home were instructed to watch all of the patients.
Mr. Jerry Broadhead is the owner and administrator of the nursing home. He had owned the home two years at the time of the accident in the instant case. He testified that Mrs. Haley lived in the past; that he and his employees tried to keep Mrs. Haley from the men's portion of the nursing home.
Mrs. Elva Watson testified she was a registered nurse and was employed by the Department of Hospitals of the State of Louisiana in the capacity of nurse consultant and nurse inspector for nursing care of homes in this State and for surveying nursing homes in the State for participation in the Medicare program. Mrs. Watson also inspected nursing homes to determine if they met the minimum standards of the Department of Hospitals. She inspected the nursing home owned by Broadhead on February 14, 1967, two days before the accident herein, and found 47 patients, 31 women and 16 men, with approved capacity for 54. She found the home met all the requirements set forth by her agency; that the patients were well groomed and well adjusted; that the medical records were in good order; and that the home had an excellent nursing director. She also stated that the patients cannot be restrained without signed written orders from the patient's physician.
Counsel for plaintiffs contends that the doctrine of res ipsa loquitur is applicable to the instant case. In his written reasons for judgment the trial judge correctly *229 held that the doctrine is not applicable to this case because the mere fact that Mrs. Haley fell does not create an inference of negligence. It is equally probable that she fell in the same manner that old people frequently fall.
We are of the opinion that the district judge was in error in allowing Mrs. Wallace, a registered nurse at the nursing home, to testify as to what Mr. Null, a patient at the home, told her about the occurrence of the accident. This testimony was hearsay and was not admissible in evidence. It is not part of the res gestae, for a thirty minute interval elapsed between the time that Mrs. Haley fell and the questioning of Mr. Null by Mrs. Wallace. Counsel for defendants made a timely objection to the hearsay testimony, and the district judge should have excluded this evidence from the record.
The evidence does not show the nursing home was negligent because it did not have a duty to have a nurse follow Mrs. Haley around all the time; and, even if Mrs. Haley did go to the men's sitting room, the evidence does not show this had any causal connection with the accident.
Since there is no evidence in the record showing what caused Mrs. Haley to fall, plaintiffs have failed to sustain the burden of proof necessary to allow recovery in the instant case.
For the reasons assigned the judgment of the district court is reversed, and judgment is hereby rendered in favor of Western World Insurance Company and Jerry Broadhead, and against plaintiffs, Mrs. Mary H. Tait, S. J. Haley, Mrs. Geneva H. Jones, Mrs. Beatrice H. McBee, and James M. Haley, rejecting their demand and dismissing their suit at their costs in the district court and on appeal.
Reversed.
On Application for Rehearing.
En Banc. Rehearing denied.