240 So.2d 53 (1970)
Bennie Alma POWELL, Plaintiff-Appellee,
v.
PARKVIEW ESTATE NURSING HOME, INC., Defendant-Appellant.
No. 11482.
Court of Appeal of Louisiana, Second Circuit.
September 15, 1970.
*54 Sanders & Bice, by Charles B. Bice, Winnfield, for plaintiff-appellee.
Brown & Wicker, by William D. Brown, Monroe, for defendant-appellant.
Before BOLIN, DIXON and WILLIAMS, JJ.
BOLIN, Judge.
Plaintiff, the daughter and sole surviving heir of Mrs. Alice Powell, brought this suit for damages against Parkview Estate Nursing Home to recover for injuries received by her mother in a fall from her bed in the home in Winnfield, Louisiana, on October 16, 1968. Mrs. Powell died December 6, 1968, of causes unconnected with the fall. For written reasons the lower court rendered judgment in favor of plaintiff for $2,000 for pain suffered by Mrs. Powell and $194.35 for hospital bills paid by plaintiff. Defendant appeals and plaintiff answers seeking an increase in the award.
At the time of the fall Mrs. Powell was 77 years of age and had been a patient in *55 Parkview Estate Nursing Home for several years. She had been bedridden for a year or more and weighed less than 100 pounds. The accident occurred about 10:30 at night, and the patient was found a few minutes later by Mrs. Dorothy Johnson, the nurse on duty. The nurse, with the assistance of an aide, placed Mrs. Powell back in bed and raised the side rails. Mrs. Johnson made out her report for the 11 P.M. nurse and noted the patient had fallen from the bed, had suffered abrasions and cuts on her face, but apparently had suffered no serious injuries. Additionally, the nurse made the notation that the patient "does not complain of painhard to determine". She asked the night nurse to observe the patient and if anything "came up" to advise Mr. H. H. Smith, administrator of the nursing home.
The three nurses, defendant's employees, who were on duty from the time of the incident until the patient was taken to the hospital the following morning, were called on cross examination by plaintiff's counsel. Counsel for defendant objected to permitting plaintiff to cross examine these employees, which objection was sustained. However, their testimony was taken under an offer of proof. These witnesses related the events occurring while they were on duty. After trial, and upon reconsideration, the district judge concluded it was in error to exclude the testimony of these witnesses and, in his reasons for judgment, ordered it to be made a part of the record. Further, the court took this testimony into consideration in reaching its conclusion on the merits of the case.
From the testimony of the above-mentioned witnesses and the nursing home records, which were introduced into evidence, the trial judge concluded the side rails of Mrs. Powell's bed were down at the time of this accident; further, a night stand or table, which usually stood close to her bed to prevent Mrs. Powell's falling, was not in its customary position.
The record of the home reflects the following medications were administered for pain following the fall: percodan tablet at 12:10 a. m.; darvon tablet at 12:30 a. m.; 1 cc of dolophine at 4:00 a. m. A notation on the chart, entered by the nurse at 4 a. m., reads: "left foot and ankle appears to be swollen this a. m.".
Mrs. Elizabeth Buckley, the registered nurse who came on duty at 7 a. m. October 17, 1968, determined the patient's left leg was broken above the ankle and summoned the doctor. Mrs. Powell was admitted to Winnfield General Hospital at 10.30 a. m. and remained there until October 22, when she was discharged and taken to another nursing home.
The three nurses were of the opinion the bed rail should have been raised, or the table should have been close enough to the bed to prevent Mrs. Powell's falling. Mrs. Buckley also testified that if the fall had occurred while she was on duty she would have felt it necessary to call the doctor or the administrator to determine whether Mrs. Powell had suffered a major injury. It is conceded that neither the administrator nor the doctor was called until after 7 a. m. the following morning.
Appellant specifies the lower court erred in the following particulars:
1. In allowing plaintiff to take the testimony of the three nurses employed by defendant over defendant's objection under an offer of proof, and changing the ruling and considering the evidence in rendering judgment for plaintiff. Appellant claims this deprived it of a reasonable opportunity to rebut this testimony;
2. In finding Mrs. Powell was in poor condition mentally or physically, or that she was not responsible for her own maintenance and well-being;
3. In finding that Parkview Estate Nursing Home was guilty of any fault or negligence; and
4. In failing to find Mrs. Powell guilty of contributory negligence.
*56 We think the trial judge was correct in recalling his previous ruling sustaining defendant's objection to admission of testimony elicited by plaintiff on cross examination of defendant's employees. Louisiana Code of Civil Procedure Article 1634 provides:
"Any party or his representative may be called as a witness and cross examined by an adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony. The court may permit the recall and further cross examination of the party or of his representative as often as it deems in the interest of justice.
"`Representative" as used in paragraph above and in Article 1428(2) means an officer, agent, or employee having supervision or knowledge of the matter in controversy, in whole or in part, whether or not he is in the employ of or connected with the party at the time his testimony is taken." (Emphasis added.)
The three witnesses were defendant's employees, all of whom had knowledge of the matter in controversy, and plaintiff, under the clear and unambiguous language of the above article, was entitled to elicit their testimony under cross examination.
Louisiana Code of Civil Procedure Article 1636 provides:
"When a court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence. In all cases the court shall state the reason for its ruling as to the inadmissibility of the evidence. This ruling shall be reviewable on appeal without the necessity of further formality.
"If the court permits a party to make a complete record of the evidence held inadmissible, it shall allow any other party to make a record in the same manner of any evidence bearing upon the evidence held inadmissible." (Emphasis added.) Since defendant-nursing home had the same right as plaintiff to make a record of any evidence bearing upon the testimony held inadmissible, we fail to see how it was prejudiced by the lower court's giving consideration to the evidence taken over defendant's objection and under an offer of proof.
Appellant's second and third specifications of error are levelled at the lower court's finding that Mrs. Powell was in poor mental or physical condition and in finding the nursing home guilty of negligence. In his reasons for judgment the trial judge reviewed the evidence and concluded:
"There is some conflict with regard to the mental status of Mrs. Powell but all of the nurses agree that physically Mrs. Powell was in very poor condition and was a total invalid. Some of the testimony would indicate that at times Mrs. Powell was very lucid and mentally alert but considering the entire record, the Court has no alternative except to find that Mrs. Powell was also in a very poor condition mentally, senile and at best her mind would come and go."
We think these conclusions are supported by the record and will not be disturbed on appeal.
Defendant's employees were aware Mrs. Powell was senile and almost helpless and that both bed rails should be raised or the table pushed against the bed on the side where the rail was down to prevent the very accident that did occur. We are convinced this precaution was not taken on the night in question. Further, considering the condition of the patient, she should have been observed closely after the fall, and the necessity of administering pain medication three times in less than four hours, together with the discovery of the swollen foot and ankle, should have alerted defendant's employees to the need for immediate medical attention for plaintiff's mother.
Counsel for appellant cites Clarke v. Gowen Sanitorium, 160 So.2d 426 (La.App. 2 Cir. 1964); Tait v. Western World Insurance Company, 220 So.2d 226 (La.App. 3 *57 Cir. 1969). Both cases involved patients or their survivors suing for injuries allegedly received by the patients in falls while confined to nursing homes. In each case recovery was denied. However, both are factually distinguishable from the instant case. The decision in Clarke was based primarily upon the interpretation of an alleged agreement between the patient's son and the operator of the nursing home that the latter see that the patient was never left unattended unless she was restrained so as to prevent her getting out of bed. The court concluded no such agreement was established and, additionally, that plaintiff had failed to prove the bed rails were down at the time the patient was injured.
In Tait the patient was ambulatory rather than bedridden as here and the suit was based on res ipsa loquitur. The court held the doctrine inapplicable and concluded plaintiff had failed to establish how the accident happened.
Although a nursing home is not the insurer of the safety of its patients, nevertheless it is the duty of the nursing home to provide a reasonable standard of care taking into consideration the patient's mental and physical condition.
We find the evidence establishes defendant's employees failed to exercise the care required of them under the law in this instance, and this failure constituted "fault" under Louisiana Civil Code Article 2315, which was a proximate cause of Mrs. Powell's injuries.
Appellant re-urges its alternative plea of contributory negligence. It is axiomatic that contributory negligence is a special defense and the burden of proof is upon the party urging it. In order to bar recovery for the injuries suffered by Mrs. Powell it would be necessary for defendant to prove Mrs. Powell conducted herself in such a manner as to constitute negligence, which negligence was a contributing cause of her injuries. As previously stated, we agree with the finding of the trial judge that Mrs. Powell was physically and mentally unable to care for herself. It logically follows she could not be held to the same degree of accountability as a normally healthy person. We find nothing in this record to indicate Mrs. Powell was guilty of any negligence which contributed to her injuries.
Plaintiff has answered the appeal asking for an increase in the award. Louisiana Civil Code Article 1934 provides in part as follows:
* * * * * *
"3. * * * In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury * * *"
Mrs. Powell died less than two months after her injuries. She was hospitalized for five days. Her injuries were painful but not fatal. Under these circumstances the trial judge did not abuse his discretion in making an award of only $2,000 for her pain and suffering, plus $194.35 for medical expenses paid by plaintiff.
The judgment is affirmed at appellant's cost.