LOTTINGER, Judge.
This is a suit ex delicto for injuries received when the plaintiff stepped into a hole. The record points out that Watkins Brothers, a general contractor, was constructing a building on the Louisiana State University Baton Rouge campus, known as Lockett Hall. A large area around the building was used as a staging area for the contractor. The staging area which was fenced, was about 600 feet long and had fence posts every ten feet or about 60 posts.
The fence posts were 3 & 54 inches square. This fence was removed in October of 1968, and in removing the posts, the workman moved the posts from side to side and back and forth so as to enlarge the hole and made the removal easier. After the posts were removed, the holes were filled with either sand or dirt. The dirt-filled holes were tamped from time to time after the rain. A tentative acceptance was made of the building on or about January 15, 1969, and an inspection was made of the entire site, and no fence holes were found which had not been filled.
The plaintiff, Carola Atkinson, while returning to a parked automobile, after attending a lecture in Lockett Hall on the evening of May 14, 1969, at approximately 9:30 P.M. stepped into a post hole and received injuries. The fence had been adjacent to a sidewalk and Mrs. Atkinson was walking to the side of the sidewalk when she stepped into the hole.
It has been theorized that the hole in question was filled or partially filled but not tamped, and after rain and time the fill settled leaving a shallow hole. Suit was filed against St. Paul Insurance Company, the insurer of the contractor, and Aetna Casualty & Surety Company, the general liability insurer of L.S.U.
The negligence alleged against the contractor is that it failed to properly fill in the fence post holes when the fence was dismantled. The petition further alleged negligence against L.S.U., its officers and employees for failing to discover the presence of the “post hole” and not placing barricades or warning signs to alert the general public to the dangerous conditions of the area. The Trial Court dismissed the suit against the insurer of L.S.U., but found judgment in favor of plaintiff as against the contractor. The contractor has perfected this appeal.
No one is disputing the fact that Mrs. Atkinson was present on the L.S.U. campus as an invitee. The degree of care an owner of premises must exercise toward “invitees” has been summarized by the Louisiana Supreme Court in Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967) as follows:
“An invitee is a person who goes on the premises with the express or implied in *87 vitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger. Alexander v. General Accident Fire and Life Assurance Corp., La.App., 98 So.2d 730. The owner, occupant, or person in charge of property owes to an invitee * * * the duty of exercising reasonable or ordinary care for his safety and is liable for injury resulting from breach of such duty. This duty includes that of exercising reasonable care to keep the premises in a reasonably safe and suitable condition or of warning invitees * * * of hidden or concealed perils of which he knows or should know in the exercise of reasonable care, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger.”
The Trial Judge concluded in his written reasons for judgment as follows:
“On May 14, 1969, plaintiff attended a lecture at Lockett Hall on the L.S.U. campus. The lecture was sponsored by the L.S.U. Sociology Department and the public was invited. After the lecture, while walking across a grassy area near Lockett Hall, plaintiff stepped into a concealed hole and injured her right ankle. After a careful consideration of all the evidence in the case, the Court concludes that St. Paul Fire & Marine Insurance Company, insuror of Watkins Brothers, Inc., is the only party defendant to be case in judgment. In so holding we have, of course, found that the plaintiff was not guilty of contributory negligence.
The basis for our decision is that the plaintiff stepped into a post hole negligently made or allowed to exist by Watkins Brothers. Specifically, it existed because it had been improperly filled and/or tamped. It was covered by grass and not discernible by the plaintiff in the exercise of ordinary care and prudence for which she was charged as an invitee.
Further, we find that the University fulfilled its duty, as owner, to use reasonable care in attempting to discover such defects. It is probable that the hole depressed over a period of time due to rain and natural erosion superimposed over the improper filling and/or tamping by the said contractor, Watkins Brothers. At any rate, the hole was not there sufficiently long to warrant charging the University with constructive notice of same. Accordingly, the insuror of the University is not liable.
The acceptance of the project by the University does not, as a matter of law, relieve the aforesaid contractor (or its insuror, the defendant cast) from damages sustained by third parties as a result of said contractor’s actionable negligence.”
There seems to be no contest as to the award of quantum in which the Trial Court awarded as follows:
“In summary, the Court awards to plaintiff the sum of $2,500.00 for the moderately severe sprained ankle with two small non-displaced chip fractures, plus the residual varicosities and venous insufficiency of the right leg. The Court does not view the latter with any large degree of quantum concern. We think the late appearing involvement of the right leg, while proximately caused by the trauma, is relatively non-serious. We have not overlooked the degree and amount of pain suffered by plaintiff as a result of her injuries.
Special damages of $81.00 were stipulated in this case. Judgment will, therefore, be rendered in favor of the plaintiff, Mrs. Carola Atkinson, and against the defendant, St. Paul Fire & Marine Insurance Company, for the total sum of *88 $2,581.00, plus legal interest from date of judicial demand until paid, and for all costs of court.”
We find no error on the part of the Trial Judge, and therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by appellant.
Judgment affirmed.