DIXON, Justice.
Defendant was tried and convicted of having stolen a leather coat valued at over $100.00. R.S. 14:67. He was sentenced to serve two years at hard labor. On appeal he urges one bill of exceptions based upon the trial court’s denial of his motion for a change of venue. His motion was based upon four news articles which appeared in the Houma Daily Courier. The articles appeared on the following dates: February 15, 1973, June 24, 1973, May 28, 1974 and May 29, 1974; trial occurred on September 9, 1974. The first two articles were written over a year prior to the trial and merely stated that the defendant was involved in an aggravated battery incident (February 14, 1973) and had been arrested in connection with two armed robbery-murder cases (June 24, 1973.) The May 28, 1974 article stated that the trial for one of the armed robbery-murder charges was to begin that day. It further mentioned that the grand jury had returned a no true bill with regard to the other armed robbery-murder case and that the defendant had a state penitentiary and parish prison record. As a result of this article a mistrial was declared in the armed robbery trial; and it was this mistrial which was the subject of the May 29, 1974 article.
From a review of the above mentioned articles and the other evidence in the record, we conclude that the defendant failed to satisfy his burden of proof as required by C.Cr.P. 622, which provides:
“A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.”
Defendant did not establish that he could not obtain a fair trial in the parish where the prosecution was pending. In fact, the voir dire examination clearly showed that the jurors were free of any prejudice that would prevent defendant from receiving a fair and impartial trial. State v. Flood, 301 So.2d 657 (La.1974); State v. Leichman, 286 So.2d 649 (La.1973); State v. Richmond, 284 So.2d 317 (La.1973). The trial court’s ruling was correct.
For the reasons assigned, the conviction and sentence are affirmed.