ELLIS, Judge:
This is a suit for damages by Dennis Braud and Alice Marchand Braud for injuries suffered by Mrs. Braud when she fell in a parking lot owned by East-West Ascension Development Corporation. Defendants are East-West, Aetna Insurance Company, its insurer; the Town of Gonzales, Commercial Union Insurance Company, its insurer; Heritage Manor of Gonzales and Hartford Insurance Company, its insurer.
In their petition, plaintiffs allege that Mrs. Braud fell when her foot slipped into an open manhole. It is claimed that either East-West or the Town of Gonzales or both of them were responsible for keeping a cover on the hole, and had negligently failed to do so. The negligence of Heritage is said to be its failure to properly supervise and care for Mrs. Braud, who was a patient in the nursing home.
On May 25,1973, Mrs. Roberta Rushing, a registered nurse who was the Administrator of Heritage Manor, drove five of the elderly patients to the office of Dr. Gerald Gaudin for routine physical examinations. She parked her car near the door to Dr. Gau-din’s office. Close to the right front wheel of her car was a water shut off valve, which was located in a hole near the curb of the sidewalk in front of the office. The hole, which was about ten inches in diameter, was supposed to be fitted with a metal cover, but the cover was missing.
Mrs. Rushing testified that, after telling Mrs. Braud and the other patients to remain in the car until she returned for them, she assisted one of them into the doctor’s office. While she was seating this patient, she was told that Mrs. Braud had fallen. She returned to the parking lot and found Mrs. Braud in the parking lot “not exactly in a lying position and not exactly in a sitting position.” Mrs. Rushing did not testify where Mrs. Braud was lying relative to the hole or to the car. Mrs. Rushing then got a folding wheelchair from the trunk of her car, put Mrs. Braud in it, and took her in to Dr. Gaudin’s office.
Dr. Gaudin examined Mrs. Braud, and decided to send her to the hospital for an X-ray. Mrs. Rushing then called an employee at the nursing home, who was married to Mrs. Braud’s grandson. She, in turn, called her mother-in-law, Mrs. Braud’s daughter, La Verne Brown, who came to Dr. Gaudin’s office to get Mrs. Braud.
When Mrs. Brown arrived, she asked her mother what had happened, and was told that she had fallen in the hole outside by the doctor’s door. There is no other evidence in the record to indicate how the accident happened. Mrs. Braud died on January 19, 1975, and could not testify. Her deposition was never taken. None of the patients who were in the car were called to testify, and may have been deceased by the time of the trial. There were no other eye witnesses.
The testimony by Mrs. Brown was timely objected to by all defendants, as being hearsay. Plaintiffs contend that Mrs. Braud’s remark is admissible under the res gestae exception to the hearsay rule. It is not clear from the record how much time elapsed between the fall and Mrs. Brown’s arrival at the doctor’s office. During that time, Mrs. Rushing had to go outside, put Mrs. Braud in the wheelchair and bring her in to the doctor. Dr. Gaudin had to examine her, and decide to send her for an X-ray. Mrs. Rushing then had to call Heritage Manor, and the employee there had to call Mrs. Brown. Mrs. Brown estimated it took her from five to ten minutes to arrive at the nursing home. We conclude that the total elapsed time must have been in the neighborhood of 20 to 30 minutes.
*999 In order to be part of the res gestae, statements must be made spontaneously and impulsively, and at approximately the same time as the accident. The statement in this case was made 20 to 30 minutes after the accident, and in response to a question put to Mrs. Braud by her daughter. Under those circumstances, we hold the statement not to be part of the res gestae, and inadmissible as evidence. See Tait v. Western World Insurance Company, 220 So.2d 226 (La.App. 3rd Cir. 1969).
There is no other evidence, circumstantial or otherwise, which indicates that the hole was in any way connected with Mrs. Braud’s fall. There is, therefore, no basis for liability on the parts of East-West, the Town of Gonzales, or their insurers.
With respect to the alleged negligence of Heritage Manor, the only evidence in the record is the testimony of Mrs. Rushing. She stated that she knew of no rules or standards governing the number of attendants who should accompany elderly patients when they are being taken to places away from the nursing home. She testified that she had no difficulty in handling five patients under the circumstances of this case, and that she had previously taken these same patients on a number of expeditions away from the home. There is no evidence of negligence on the part of Heritage Manor in its supervision of Mrs. Braud.
The judgment appealed from is therefore affirmed, at plaintiffs’ cost.
AFFIRMED.