DOMENGEAUX, Judge.
Plaintiff, Bobby G. Barker, instituted this action seeking damages for personal injuries sustained by him in an accident which occurred on January 17, 1980. Following trial, the district judge determined that plaintiffs claim was barred by his contributory negligence and accordingly dismissed plaintiffs claims as to all defendants.
From this adverse judgment plaintiff has appealed claiming the trial court was in error insofar as it: (1) disregarded testimony to the effect that plaintiff suffered from a mental deficiency, and (2) found the plaintiff guilty of contributory negligence.
At the time of the accident plaintiff was working as a roustabout for the Land and Offshore Company. Plaintiff and other members of his crew had been dispatched to a well location in Beauregard Parish for American National Resources (hereinafter ANR), the owner and operator of the well being drilled.
The drilling rig on location was owned and operated by Goldrus Drilling Company. Howard Trucking Company is an oilfield and heavy equipment hauling business which had equipment and personnel on the job site. Defendant, Freeman Oilfield Services, had been contracted by ANR to supply a laydown machine and a three man crew to operate it in conjunction with “laying down” a string of drill pipe.
The job, to be coordinated among members of the drilling crew for Goldrus, the lay down crew of Freeman and the roustabout crew of Land & Offshore, was to pull the drill pipe out of the well, a joint at a time, unscrew each joint, remove it from the rig floor down to the pipe rack on the ground and then roll it out the pipe rack in layers where it would be subsequently loaded on trucks and hauled away from the location.
Generally, the lay down machine withdrew each joint of drill pipe or drill collar from the rig floor and released it to’ the pipe racks. Plaintiff's roustabout crew rolled, positioned and secured the pipe and drill collars on the pipe racks. On the very last drill collar, plaintiff was struck by a *560 rolling drill collar as he attempted to step over it causing injury to his right leg.
Plaintiff filed suit against numerous defendants but all of the original defendants except for Freeman Oilfield Services were dismissed on motions for summary judgment. Subsequently, American Mutual Liability Insurance Company, the workman’s compensation insurer of Land and Offshore Services, intervened. The intervenor claimed it had paid workmen’s compensation to the plaintiff and was thereby subro-gated to any claim the plaintiff might hold against this defendant.
The district judge rendered written reasons for its judgment, concluding that plaintiff was not entitled to recover because of his own contributory negligence.[1]
We find that the trial court correctly considered the evidence presented and we further find the trial court was not in error in finding the plaintiff’s claim barred by his own contributory negligence.
It is true that all persons are not held to the same degree of accountability as a normal healthy person. Powell v. Parkview Estate Nursing Home, 240 So.2d 53 (La.App. 2nd Cir.1970). However, the record does not support plaintiff’s allegations of his reduced mental capacity but rather convinces us that the trial court considered the evidence and applied the proper standard. It simply did not believe plaintiff’s version of the story. Instead, the trial court found the defendant’s evidence to be a more reliable account of what actually occurred.
The trial court in rejecting plaintiff’s version of the accident stated:
“Much of the testimony presented by plaintiff and his witnesses was conflicting, confusing and difficult to follow.”
Then the court discussing the evidence offered by the defendants stated:
“When plaintiff was struck by the drill collar he was standing approximately thirty feet away from the lay down machine. The collar had to roll that distance across the runner boards to strike him. He said that as he stood there on the pipe rack facing away from the machine he was aware that a collar was being laid down and he could feel something coming toward him.

By his own admission, plaintiff heard the lay down machine release a drill collar behind him and he felt it coming toward him on the runner boards. He knew the collar would roll against him if he did not turn around and step or jump over it, as he had been doing for hours. Yet, despite his position of danger and his knowledge of the danger, he did not turn around or do anything else to avoid the approaching collar until someone hollered. Then and only then did he turn around and try to step over the collar, but misgauged his step and it hit his right foot. This all occurred ten to fifteen minutes after the preceding drill collar had been laid down and at a time when plaintiff was just standing on the pipe rack facing the truck. Plaintiff’s attention was not then distracted or diverted because of any active involvement with or concentration on other duties. In standing there with his back to the machine, with knowledge that the lay down crew had previously released drill pipe or collars too quickly, he voluntarily and unnecessarily exposed himself to the danger which caused his injury. Also, as he stood there facing the end of the pipe rack, he failed to turn around or move to a position of safety after he was aware that the drill collar had been released and that it was rolling toward him. A person is bound to look and listen where such precautions are reasonably required to prevent injury to himself.
*561 Contributory negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own safety and protection, the standard being that of a reasonable man under like circumstances. Here a preponderance of the evidence establishes that plaintiffs conduct fell below the standard to which he should have conformed in order to protect himself from harm and that conduct contributed to his injury. Accordingly, plaintiff’s demands against the defendant must be rejected.”
The above factual determinations of the trial court support its conclusions because it is well settled in our jurisprudence that contributory negligence is not presumed, but it must be proved as any other fact by a preponderance of the evidence. Lane v. Louisiana Power and Light Company, 161 So. 29 (La.App. 2nd Cir.1935), modified on other grounds, 164 So. 672 (La.App.1935).
Further, a factual determination of the trial court should not be reversed unless it is manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Here the trial court found that the plaintiff was not merely in the presence of danger but that he voluntarily and unnecessarily exposed himself to that danger. Such constitutes contributory negligence which bars the plaintiffs claim. See Williamson v. Gulf Coast Line Contracting Company, Inc., 301 So.2d 657 (La.App. 3rd Cir.1974).
The record substantiates the trial court’s finding that the plaintiff’s claim is barred by contributory negligence. We cannot say this finding is manifestly erroneous and we therefore leave it intact pursuant to the guidelines enunciated in Arceneaux v. Domingue, supra. Accordingly the judgment of the trial court is affirmed.
All costs of this appeal are assessed against the plaintiff.
AFFIRMED.

. Comparative negligence does not apply in this case because the cause of action arose prior to the effective date of the new Louisiana provisions on comparative negligence. See 1979 La. Acts No. 431, § 1 and 2.