520 So.2d 1118 (1987)
Lessie DOXEY, Plaintiff-Appellee,
v.
RIVERSIDE GUEST CARE CENTER, Defendant-Appellant.
No. 86-1175.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1119 Cook, Yancey, King & Galloway, Benjamin C. King, Jr., Shreveport, for defendant-appellant.
Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff-appellee.
Before DOUCET and KING, JJ., and CULPEPPER[*], J. Pro Tem.
DOUCET, Judge.
Plaintiff, Lessie Doxey, while a resident at Riverside Guest Care Center, became acutely ill on December 25, 1983. The cause of plaintiff's illness was an ileus and a urinary tract infection. This illness caused a condition whereby plaintiff was unable to discharge waste from her body and as a result, plaintiff's abdomen became very distended and tender to the touch.
Mrs. Effie Froreich, plaintiff's sister, became concerned about plaintiff's condition and requested medical help for her on several occasions, but to no avail. As the day progressed, plaintiff's condition worsened. Plaintiff did not receive medical attention until the following evening on December 26, 1983, at which time Dr. Bruce Brouillette examined her and admitted her into the Natchitoches Parish Hospital. Dr. Brouillette testified at trial that had he not intervened, plaintiff would not have lived longer than 12-24 hours.
After being admitted to the Natchitoches Parish Hospital, plaintiff was later moved to the Louisiana State University Medical Center in Shreveport where the facilities were better suited to her needs. Plaintiff gradually recovered and was eventually released to her sister's care, who took her home and helped to nurse plaintiff back to reasonably good health. Plaintiff was then admitted to another nursing home where she has received proper care and treatment and has done quite well.
Mrs. Effie Froreich, plaintiff's sister and curatrix, filed suit on behalf of her sister against defendant, Riverside Guest Care Center, urging that defendant was negligent in not rendering proper care, treatment or supervision to her sister. Additionally, plaintiff, through her curatrix, urges that defendant failed to note the critical condition into which plaintiff had lapsed, that defendant delayed taking necessary action to get medical attention for plaintiff and that defendant delayed getting plaintiff hospitalized until her sister demanded it, and as a result almost allowed plaintiff to die.
*1120 The case was tried on the merits, submitted to the trial court for decision, and was duly adjudicated by the trial court in a written opinion.
The trial court found in favor of plaintiff, assessed liability against defendant and awarded $50,000 in general damages for the pain, suffering, and mental anguish sustained by plaintiff. The trial court also awarded $25,000 for physical disability and limitation of pursuits. Additionally, the trial court awarded plaintiff $7,378.26 in special damages, all amounting to the sum of $82,378.26 plus legal interest and all costs. It is from this judgment that defendant/appellant appeals.
Appellant first contends that the trial court's opinion finding negligence on their part was not supported by sufficient credible evidence, and further was manifestly erroneous and clearly wrong. We disagree.
Mrs. Effie Froreich visited plaintiff at the Riverside Guest Care Center on December 25, 1983. At ths time, Mrs. Froreich found her sister in severe distress, her abdomen being swollen, her face ashen-colored, and an in-dwelling catheter not working. Upon discovering her sister in this condition, Mrs. Froreich advised the nurse in charge, Catherine Breedlove, of her sister's condition and asked her to call a doctor. Nurse Breedlove only checked her vital signs and changed plaintiff's catheter. No doctor was called on this date. Mrs. Froreich then went home and called the hospital administrator, Billy Plunkett. Mrs. Froreich requested a doctor for her sister and Mr. Plunkett assured her that he would take charge of the situation. Mrs. Froreich went back to the nursing home only to find her sister in a much worse condition and unable to respond to her. Mrs. Froreich once again requested a doctor for her sister. Nurse Breedlove advised Mrs. Froreich that she would send a specimen off two days later. The following day, on December 26, 1983, Mrs. Froreich demanded that Nurse Breedlove call a doctor for her sister. A doctor did not arrive until that evening.
Dr. Bruce Brouillette, a Natchitoches physician specializing in family medicine, arrived at the Riverside Guest Care Center at approximately 4:00 p.m. on December 26, 1983. Upon examining plaintiff, Dr. Brouillette became angered that defendant's employees allowed plaintiff's condition to deteriorate to such an extent before contacting him. Dr. Brouillette found plaintiff in a semi-conscious condition and he ordered her moved to the nearby Natchitoches Hospital where she was treated and later transferred to the LSU Medical Center in Shreveport. Dr. Brouillette testified that had he not intervened, plaintiff would probably have died within twelve to twenty-four hours.
Rosetta Brooks, a former nurse's aide at Riverside Guest Care Center, testified that approximately the month before Christmas of 1983, plaintiff's medical condition began deteriorating as a result of a condition which caused her to have little or no waste output. When Brooks noticed that plaintiff's condition began getting worse, she reported this to Nurse Catherine Breedlove. Virtually nothing was done for plaintiff at this time. Brooks added that Mr. Billy Plunkett, the hospital administrator, ordered the nursing home aides to force more fluids on plaintiff in order to facilitate more output. Brooks followed Plunkett's request for a short period of time but had to stop forcing fluids when it became evident to Brooks that the increased amount of fluids forced onto plaintiff only made her condition worse. Plaintiff's condition deteriorated to such an extent that she began throwing up the fluid. Brooks testified that at this time Nurse Breedlove changed plaintiff's catheter with the hope that it would clear up the problem. Brooks added that the new catheter did not help matters and that on Christmas Day, plaintiff's abdomen was very swollen and she was in severe pain. Brooks once again reported plaintiff's condition to Nurse Breedlove. Nurse Breedlove failed to procure medical attention at this time.
Cheryl Moore, a nurse's aide at the Riverside Guest Care Center, testified that on December 25, 1983, plaintiff's abdomen was severely swollen and that plaintiff *1121 complained of pain when she touched her. Moreover, Ms. Moore testified that on the following day, plaintiff did not have any output and that she reported this fact to Nurse Linda Sullivan. Ms. Moore testified that at this time, nothing was done so she reported plaintiff's condition once again. Finally, a doctor was called later that day.
Finally, Adalaide B. Wood, an LPN at Natchitoches Parish Hospital, testified that when plaintiff was admitted her abdomen was distended and she was very dirty, so dirty, in fact, that Nurse Wood added that she had never seen a long-term care patient in this condition at any time during her practice. Nurse Wood also testified that plaintiff's gown was so dirty that it looked like it had been worn for several days. Moreover, Nurse Wood added that plaintiff had dried fecal material on her buttocks and a bad rash in her groin area. Nurse Wood was of the opinion that she had been wet and dirty for some time and that she had not been well cared for.
It is the duty of a nursing home to provide a reasonable standard of care, taking into account the patient's mental and physical condition. Powell v. Parkview Estate Nursing Home, Inc., 240 So.2d 53 (La.App. 2nd Cir.1970). The trial involved numerous fact witnesses who were closely observed by the trial judge. The trial judge was then called upon to make credibility determinations. Based on all of the foregoing evidence we find that the trial judge had a reasonable basis to conclude that the standard of care enunciated in Powell, supra, simply was not met in the instant case. As such, we will not disturb the trial court's findings on appeal.
Appellant next argues that the trial court's award of $50,000 in general damages constitutes an abuse of the trial court's discretion as being unreasonably excessive. We disagree.
As previously stated, plaintiff became acutely ill on December 25, 1983. Plaintiff was suffering from a condition whereby she was unable to discharge waste from her body. As a result, plaintiff's abdomen became very swollen. Plaintiff's sister, Mrs. Effie Froreich, repeatedly requested medical attention for plaintiff but to no avail. A doctor was not called until the end of the following day. As a result of defendant's neglect in procuring medical attention, plaintiff's condition was allowed to deteriorate more and more by the hour until she lay near death. During this time frame, plaintiff had to endure great amounts of pain and discomfort. Rosetta Brooks and Cheryl Moore, both nurse's aides at Riverside Guest Care Center, testified that plaintiff was in such pain that she could not even withstand someone lightly touching her abdomen. Additionally, when plaintiff was finally transferred to the Natchitoches Parish Hospital, she was in a comatose state and was filthy and plagued with a rash in her groin area. It took plaintiff several months to recuperate from this condition. Any human being having to endure this kind of neglect surely has undergone great mental and physical suffering. For these reasons, we find that the trial court did not abuse its discretion when it awarded plaintiff $50,000 in general damages. As such, we will not disturb this award on appeal.
Finally, plaintiff urges that the trial court's award of $25,000 in damages for disability and physical limitations is contrary to the evidence in the record. We agree.
While plaintiff did suffer much pain and discomfort as a result of defendant's negligence, there is no evidence in the record that she sustained any disability as a result of this illness. In fact, the record indicates that plaintiff recuperated from her illness within a matter of months and in fact, she is doing better at the present time than she was prior to her hospitalization.
Ms. Dorothy Moore, plaintiff's niece, testified that plaintiff recovered from her illness in the Spring of 1984 and that she is doing great at the present time. Additionally, Effie Froreich testified that her sister has made a remarkable recovery and is doing very well at the present time. The testimony of these two witnesses is the only evidence in the record relative to this issue. Instead of indicating that plaintiff *1122 had a permanent disability or a residual problem, the evidence indicates that plaintiff has totally recovered from her illness and that the only limitations she has at the present date are the ailments which she was suffering from prior to her admission into Riverside Guest Care Center. For these reasons, we find that the trial court erred when it awarded plaintiff $25,000 for physical disability and limitation of pursuits. As such, we reverse the portion of the trial court judgment which reflects same.
Accordingly, for the foregoing reasons, the judgment of the trial court in favor of plaintiff, Lessie Doxey, and against defendant, Riverside Guest Care Center, is affirmed in part and reversed in part. We reverse the judgment insofar as it awards plaintiff $25,000 for physical disability and limitation of pursuits.
AFFIRMED IN PART; REVERSED IN PART.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.